DENNIS TOBIN, *prochein amy, vs.* PORTLAND, SACO & PORTSMOUTH RAILROAD COMPANY.

*Common Carrier—liability of for defective platform.*

A railroad corporation is liable to a hackman for an injury received while carrying a passenger to their depot for transportation, by stepping, without fault, into a cavity in their platform, and occasioned solely by the want of ordinary care on the part of the corporation in leaving their platform in an unsafe condition.

And under such circumstances the liability is not changed by the fact that their platform was erected and maintained by them within the limits of the highway.

ON EXCEPTIONS to the rulings of *Goddard,* J., of the superior court for this county.

CASE for damages occasioned by an alleged defect in a plank sidewalk or platform outside the defendants' station in Portland.

The plaintiff was a hackman carrying passengers to the cars, and, driving up to the side of the defendants' depot in the day-time, and stepping from his carriage to the platform, and turning his ankle, fell and sprained it, so that he was confined to the house a week, and afterwards was obliged to use crutches or a cane for thirteen weeks.

There was evidence tending to show that in the platform the edges of two planks had decayed making a cavity or hollow, described by the plaintiff's witnesses as four to four and one-half inches wide and six inches long, and from an inch and a half to two and a half inches deep, and in the middle of the length of the planks, and running to a point at the ends. And by the defendants' witnesses as being at the end of the planks, and beginning at a point extending some sixteen or eighteen inches to the end of the plank, where it had increased to the width of two to two and a half inches, and the depth of an inch or an inch and a half in the deepest part, the edges being gouged out in a circular manner.

That the plaintiff in stepping off his hack stepped into the cavity, which caused him to fall.

That the platform was wholly in the limits of the street; that it was made and often repaired by the defendants; that the city never made any repairs on it; that a servant of the defendants, engaged in the baggage department and accustomed to sweep the ladies' room and the platform in question, had noticed the alleged defect four or five months before the accident complained of.

That the defendants had been notified, long ago, that their platform was in the highway, and to remove it.

The judge was requested to instruct the jury, that even if the cavity in the platform occasioned the accident, without contributory negligence on the part of the plaintiff, still the defendants were not liable to the plaintiff; and that the defendants were not responsible for the condition of the platform.

He declined to give the instructions prayed for, but instructed the jury,—

If they find that defendants, being common carriers of passengers, built and maintained the platform immediately adjoining their station solely for their own convenience, and that of their passengers, and other persons having business at their station, and not for the convenience of citizens passing along Commercial street, without the permission or direction of the city authorities, knowing said platform to be within the limits of the highway, then the defendants are responsible to persons induced to pass over said platform on business necessarily and immediately connected with their station, for the exercise of ordinary care and prudence in the repair of said platform, and for any damages solely, directly, and evidently incurred by any defect growing out of the want of such care on defendants' part, such person so injured being in exercise of ordinary care at the time.

The jury returned a verdict for plaintiff, with damages assessed at $650, and the defendants alleged exceptions.

*Bradbury & Bradbury*, for the plaintiffs, cited *Veazie* v. *Dwinel*, 50 Maine, 489, and cases cited; *Norcross* v. *Thomes*, 51 Maine,

Tobin *v.* Portland, Saco & Portsmouth Railroad Company.

503; *Gerrish* v. *Brown,* 51 Maine, 256; *Portland* v. *Richardson,* 54 Maine, 46; *Monmouth* v. *Gardiner,* 35 Maine, 247; *Thorn* v. *Watson,* 47 Maine, 161; *Lowell* v. *Boston & Lowell Railroad Company,* 23 Pick. 24; *Sweeney* v. *Old Colony & Newport Railroad Company,* 10 Allen, 373; *Watson* v. *Lisbon Bridge Company,* 14 Maine, 201.

*N. Webb,* for the defendants.

The plaintiff was not a passenger of the defendants.

He did not receive his injury while proceeding to the defendants' station as a passenger, or for the purpose of taking passage on the defendants' road. The defendants owed to him no such duty as they would owe to a passenger.

The plaintiff himself was a common carrier of passengers, and was so employed at the time he was injured. The place where he suffered injury was the common and public street or highway, and the defendant voluntarily adopted it as the landing-place for his own business.

The responsibilty of a railroad company for the condition of the approaches to its stations is limited to its passengers. And even as to its passengers, the obligation is to simply allow no traps or snares in the ways which invite or seem to invite the passenger to go and come therein.

No such duty towards this plaintiff rested on the defendants,— especially not while he was independently pursuing his own business as a carrier of passengers. He was traveling on the public street, and it was his own duty to select a safe place for alighting from his carriage. The street and its sidewalk were as much this as the company's

If he had opened his hack door for his passenger in front of a dangerous and defective place in the highway, and the passenger stepping from the carriage had been injured in consequence, the defendants, under the rules of law governing the business of passenger carriage, would have been responsible. It would not matter

whether the defect was near a private residence, a public office, a store, a hotel, or a railway station.

The instructions to the jury made the motive of the company, in improving the condition of the sidewalk, a test of its liability.

Though the motive was the comfort, safety, and convenience of passengers, the municipal corporation and all citizens had the full benefit of the improvement. No person could be denied the use of it as part of the street.

The railroad company did not assume responsibility for the condition of the platform, merely by building it originally, nor by making occasional repairs on it.

The duty of the company was neither enlarged nor diminished by the construction of the platform, unless when put down, and as put down it was a nuisance. When laid, the platform was dedicated to the public use. If improperly or unsafely constructed, or placed so as to be a nuisance, they might have been liable generally, both to the State on indictment, and to any private person suffering special damage. But if properly and safely constructed, and the city permitted it to remain, and by such permission accepted the use and benefit of it, then the city became bound to attend to its condition, and were responsible to everybody for defects. Whether the walk was gravel, brick, or plank would make no difference. Private parties do not make themselves forever responsible for defects in highways in front of their premises, by once or often stopping holes or filling sloughs.

The fault of the city would be no excuse to the defendants from responsibility for injuries to its passengers, in consequence of a dangerous place in the sidewalk in the immediate front of its depot door. If the city authorities should refuse to repair such defects, the railroad company, for its own protection, would be compelled, itself, and at its own cost, either to repair the defect, or to guard it in some way so that it could not produce injury to its passengers. The performance of its duty so forced on it by the fault and negligence of the city and by stringency of its legal obligations to its pas-

sengers, if the instructions to the jury are to be sustained, at once enlarges and multiplies its duties, risks, and obligations. It forthwith becomes responsible, not only to its passengers, but to everybody using that portion of the highway.

The law begets no such consequences. It never says to any party "You shall do thus and so, under penalties, and if you do obey this command of the law, your condition shall be still worse."

The instruction requested and refused was correct, and should have been given. It recognized the relations between the parties, and correctly stated the law springing out of and application to those relations.

The instructions given disregarded the relations of the parties to each other, and gave to the jury as their guide a rule of law applicable to entirely different relations, and also laid down a delusive and mistaken test of liability, and imposed on the defendants a duty not imposed by law.

APPLETON, C. J. The plaintiff, a hackman, carrying passengers to the defendants' depot, was injured in stepping from his carriage into a cavity in the platform built and occupied by them. The jury have found that the plaintiff was without fault, and that the injury he sustained was occasioned solely by the neglect and want of ordinary care of the defendants in having their platform in an unsafe and dangerous condition.

The defendant corporation is bound to make the approaches over their own premises to their depot safe and convenient for passengers. They are bound to keep their platforms and landing-places safe and convenient for all who make use of their cars as a means of conveyance. *Knight* v. *P. S. & P. R. R. Co.*, 56 Maine, 505. They would be liable in damages for any injury occasioned by their neglect to any passenger who, on his part, was without fault. This is conceded by the able counsel for the defendants.

But the railroad corporation is bound not merely to keep these platforms safe for their passengers, but for all who have rightful

occasion to use them. This obligation, arising from their public character and the duties resulting from their acceptance of a charter from the State, exists as to all rightfully upon their premises.

The hackman, conveying passengers to a railroad depot for transportation, and aiding them to alight upon the platform of the corporation, is as rightfully upon the same as the passengers alighting. It would be absurd to protect the one from the consequences of corporate negligence and not the other. The hackman is there in the course of his business; but it is a business important to and for the convenience and profit of the defendants. The general principle is well settled, that a person injured, without neglect on his part, by a defect or obstruction in a way or passage over which he has been induced to pass, for a lawful purpose, by an invitation express or implied, can recover damages for the injury sustained against the individual so inviting and being in fault for the defect. *Barrell* v. *Black*, 56 Maine, 498; *Carleton* v. *Franconia Iron & Steel Company*, 99 Mass. 216.

It is objected that the defendants built the platform within the limits of the public highway. But it is no answer to the plaintiff, when seeking compensation for the consequences of their neglect, that they have trespassed upon the rights of the public. They have built the platform and used it. Their passengers and those having rightful occasion to be upon it are there by their invitation, and they are responsible for its condition.

It may be that the city of Portland might be liable for a nuisance within the limits of their public highways, erected and maintained by the defendant corporation. But if so, the city would have the right of reclamation against those creating the nuisance. *Portland* v. *Richardson*, 54 Maine, 46. Much more, then, could the party injured maintain his action directly against the corporation causing the injury. *Exceptions overruled.*

KENT, WALTON, DICKERSON, BARROWS, TAPLEY, JJ., concurred.