## THE CITY OF CHICAGO

*v.*

### FRANK LAVELLE.

1. NEGLIGENCE—*if the injury is the result of accident, no recovery can be had.* In a suit against a city to recover damages for an injury claimed to have resulted from a hole in the sidewalk, where the weight of evidence was that the walk was in a good condition, the court refused to instruct the jury that if they believed, from the evidence, that the alleged injury was accidental, and that neither the plaintiff nor the defendant was negligent, they should find for the defendant: *Held,* that the refusal was error.

2. NEW TRIAL—*finding against evidence.* While it is the province of the jury to pass upon questions of fact, and this court reluctantly interferes with a verdict where the evidence is conflicting, yet where the evidence preponderates clearly against the finding, a new trial will be granted.

APPEAL from the Superior Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. EGBERT JAMIESON, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by appellee against the city of Chicago, to recover damages for an injury received on the sidewalk in front of the premises known as No. 32 North Rucker

street.   It is alleged that a plank in the sidewalk was broken, and while appellee was passing over the walk he fell into the hole, and sustained the damages for which the action was brought.

A trial of the cause before a jury resulted in a verdict and judgment in favor of appellee, for $1200.

Appellee, on the trial, introduced but two witnesses to establish the defective condition of the sidewalk.   The first was the sister of appellee, a girl thirteen years old.   She says the board was broken in the middle, and the " ends stuck up," and the boy fell in the hole; that the hole had been in the walk for two years; that she passed over the walk each day, morning, noon and night, going to school.   The other witness was Matilda Mansfield.   She says she was acquainted with the sidewalk; passed over it three or four times a week, for a year; knew of a hole in the sidewalk for over a year; that she had several times stumbled there herself.

For the purpose of overcoming the evidence of appellee in regard to the unsafe condition of the walk, the appellant called five witnesses, who resided on the street, and who had known the condition of the sidewalk for several years, and who had been in the habit of passing over it three or four times each day, all of whom testify, that at the time, and previous to the accident, the sidewalk was in a good and safe condition, and that it was free from holes or loose or broken planks of any kind whatever.

While it is the province of a jury to pass upon questions of fact, and this court reluctantly interferes with the verdict of a jury where there is a conflict in the proof, yet the evidence of appellee on the unsafe condition of the sidewalk at the time the accident occurred, seems to have been so completely overcome by the evidence of appellant bearing upon the same question, that we can not, without an arbitrary disregard of the rights of appellant, sanction the verdict.

We can not but think the jury failed to pay that regard to the evidence to which it was entitled in a court of justice.   At all events, the evidence preponderates so clearly in favor of

appellant, that justice requires that the facts should be passed upon by another jury.

: But, independent of this question, the record contains another error, for which the judgment must be reversed. The appellant requested the court to give to the jury the following instruction:

"If the jury believe, from the evidence, that the alleged injury was accidental, and that neither the plaintiff nor the defendant was negligent, the jury should find the defendant not guilty."

This instruction the court refused, nor did any other instruction that was given contain the same principle.

If it be true that the city was free from negligence, as the evidence introduced on the part of the defense tended to establish, and if it was also true that the injury was accidental, no argument is needed to show that the city could not be held responsible for the damages appellee had received.

We perceive no objection to the instruction. The principle therein announced is correct, and it should have been given.

As the evidence seems to preponderate against the verdict, and as it was error to refuse the sixth instruction, the judgment will be reversed and the cause remanded.

*Judgment reversed.*