## STOKES *vs.* TIFT.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. The evidence being conflicting but sufficient to uphold the verdict of the jury for either party, and the presiding judge having declined to set it aside, the rule of this court is inflexible not to interfere unless some error of the court on the trial is made to appear in the record.

2. If the proprietor of a toll-bridge knows of a defect therein, dangerous to passengers and likely to result in damage, and the dangerous defect is not exposed so that the passenger can also see it, and taking toll from the passenger, allows him to cross without warning, the proprietor is liable for damages; *aliter*, if the defect is not dangerous and likely to result in damage, but in the judgment of the proprietor slight and thought to have been safely repaired ; and a request to charge which does not guard this distinction was properly refused. The proprietor of a bridge is only liable for ordinary care and diligence, and beyond this is not an insurer.

New trial. Roads and bridges. Damages. Negligence. Before Judge CRISP. Dougherty Superior Court. April Term, 1879.

Stokes sued Tift for injuries resulting to him from the fall ing in of a toll-bridge belonging to defendant, while he was crossing it. Plaintiff claimed that the bridge was defective and dangerous, and that the defendant knew of the defect.

Defendant claimed that prior to the accident the bridge appeared to have settled a little on one side ; that he em-employed competent laborers and had them to make such repairs as seemed necessary, and that to all appearances the bridge was sound and in good condition at the time of the accident.

The jury found for the defendant. Plaintiff moved for a new trial which was refused, and he excepted.

For the other facts see the opinion.

D. P. HILL, for plaintiff in error.

D. H. POPE, for defendant.

JACKSON, Justice.

1. The case was for damage received by plaintiff in person in crossing a toll-bridge of defendant. The verdict is for defendant. The evidence is conflicting, but is sufficient to sustain the verdict.

2. The error of law complained of is that the court declined to charge the jury that "when there is a defect in a toll-bridge which is not open and exposed to all, and the proprietor of the bridge knows of the defect, and allows persons to cross on the bridge and takes toll for crossing, then the proprietor is liable for damages resulting from said defect." We think that the charge requested is too broad. If the proprietor knew that the defect in the bridge was *dangerous* and likely to result in the damage, then we would hold him liable; but not for any defect, however slight, which, contrary to his expectations and belief, resulted in unforeseen and unexpected damage. He is only liable for ordinary care. 53 *Ga.*, 47, *Tift vs. Towns.* That case arose on the same state of facts as this, and covers this. It is presumed that the law was given in accordance with the ruling there, and the court there say that the evidence is sufficient to uphold a verdict for either party. Besides, the request is too broad in this that its language is "open and

exposed to all," whereas this plaintiff may have known as much about it as the proprietor did. See also the same case —*Tift vs. Towns*—decided this term—where we uphold the verdict for plaintiff in part on similar facts as here; and though it looks odd for juries to give different verdicts on similar facts, yet that is their business. Our rule, as a reviewing court, is one of law, and it is not to interfere with the jury on conflicting facts where the presiding judge declines to do so.

Judgment affirmed.