## Illinois Central R. R. Co. v. M. J. Hopkins.

1. RAILROADS—*Duty to Persons upon the Platform.*—To a mere licensee, on a platform, without business or invitation, a railroad company owes no duty; but to one who is there by invitation, express or implied, or who has business with the company, it owes the duty of keeping its platform free from dangerous obstructions.

2. NEGLIGENCE—*Liability of Property Owners to Persons upon Their Premises.*—The liability of property owners to persons upon their premises may be classed : 1. To bare licensees or volunteers. 2. Those who are expressly invited or induced by active conduct of the owner to go upon the premises. 3. Customers and others who go there on business with the occupier. In the first of these cases a party injured has no right of recovery against the owner, and the contrary in cases falling under the second and third heads.

3. DAMAGES—*May Be Recovered for Injury Received by a Defect or Obstruction in a Way or Passage.*—The general principle is well settled, that a person injured, without negligence on his part, by a defect or obstruction in a way or passage over which he has been induced to pass, for a lawful purpose, by an invitation express or implied, can recover damages for the injuries sustained, against the individual so inviting and being in fault for the defect.

**Trespass on the Case.**—Personal injuries. Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed March 3, 1902.

Suit to recover damages for injuries received in consequence of the alleged negligence of appellant in leaving a " skid " on its platform at Makanda, Illinois, on the night of the 11th of January, 1900. There is one count in the declaration, the material part of which is as follows :

"And whereas it was the duty of the defendant to keep the said platform in good and safe repair and free from all obstruction to persons while walking upon it, yet the defendant, wholly disregarding its duty in that behalf, to wit, on the day aforesaid, wrongfully and negligently suffered a large wooden skid or plank, some eight feet long, eighteen inches wide and two inches thick, to lay across said platform, by means whereof the plaintiff, who was then and there passing upon said platform in the night time, for the purpose of delivering supper to parties doing business on cars then and there operated by said company, while exer-

cising due care for her own safety, then and there necessarily and unavoidably tripped and stumbled upon and against the said skid or plank aforesaid, and was thereby thrown violently and fell to and upon the said platform and thereby was injured," etc.

The general issue was pleaded and a trial by jury, and a verdict for plaintiff for $1,000 damages, from which the railroad company appealed.

The plaintiff below is a married woman, forty-nine years old and keeps boarders. At the time of the accident she was taking meals to the mail clerks on the train, which she had done for eight years. On the night of January 11, 1900, she came a few minutes before the train arrived and went into the depot. When the train came, the mail car in which the clerks were located, ran by the station and stopped so that the door of the mail car was near the north end of the platform, which platform extended north and south on the west side of the depot. On leaving the waiting room of the station she started north along the platform with her baskets, one in each hand, and before reaching the mail car, she stumbled and fell over a skid which was lying across said platform. In the fall she was thrown forward upon one of the baskets, in consequence of which the third rib on the left side was broken and the fourth fractured. She delivered her baskets to the clerks and then returned home. For the injuries thus received she brought this suit.

WILLIAM H. GREEN, attorney for appellant; J. M. DICKINSON, of counsel.

M. M. THOMPSON and R. J. McELVAIN, attorneys for appellee.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

Appellee was on appellant's platform in the prosecution of her own business, which was to furnish meals to the railway mail clerks carried on appellant's train. She had done this for eight years. It is fair to presume from this

length of time that it was done with appellant's knowledge. To a mere licensee, on a platform, without business or invitation, a railroad company owes no duty. To one who is there by invitation, express or implied, or who has business with the company, it owes the duty of keeping its platform free from dangerous obstructions. B. & O. R. R. Co. v. Schwindling, 101 Penn. 261; St. L., etc., R. R. Co. v. Fairbairn, 48 Ark. 493.

This latter case states the conditions as follows :

"If he was there merely from curiosity, or for his own convenience *for the transaction of business in no way connected with the railroad company*, no relation existed between him and the company which imposed upon the latter the duty of exercising ordinary care in maintaining a safe platform for his own use, and it is not liable for his injury."

It is said in Elliott on Railroads, Sec. 1248 :

"License implies permission or authority, and is therefore more than mere sufferance; but it does not imply an invitation.    *    *    *    Thus one may have permission to do a certain thing for his own sole benefit, and yet not be invited to do so.    *    *    *    If he has permission, he will, as a general rule at least, be deemed to be a licensee, and if he is invited, he is more than a licensee, and a higher duty is due him."

And again in Sec. 1256:

"It may, indeed, be stated as a general rule, that one who goes upon the platform at a railway station, from mere curiosity, or for the transaction of business in no way connected with the company, can not recover for injuries received because of defects therein."

The distinction between a mere licensee and one rightfully on a platform is clearly stated in Woolwiles, Admr., v. C. & O. R. R. Co., 36 W. Va. 335:

"There appears to be a marked distinction as to the liability incurred by property owners to persons who go upon their premises as trespassers, or as licensees or volunteers, and those who go there upon business; and we find in a note on page 697 in 'Leading Cases on the Law of Torts,' by Bigelow, it is said, in commenting upon this distinction, that Sweeney v. Railroad Company, 10 Allen,

368, and Indermaur v. Dames, L. R. 1 C. P. 274, L. R. 2 C. P. 311, have settled the distinction between the duty which a man owes to persons who come upon his premises as bare volunteers or licensees, and those who come as customers or otherwise in the course of business, upon the invitation, express or implied, of the occupier. As to the latter, the occupier is bound to exercise reasonable care to prevent damage from unusual danger, of which the occupier has or ought to have knowledge; and this, though the transaction has already been completed, and the plaintiff had returned only for some incidental (if proper and usual) purpose connected with it. As to the former, the party takes his own risk, and, so long as there is no active misconduct toward him, no liability is incurred by the occupier of the premises by reason of injury sustained by a visitor on his premises." * * * " Upon careful examination of the above and other cases, however, it will be found that the authorities may be classed under three heads, to wit: (1) bare licensees or volunteers; (2) those who are expressly invited or induced by active conduct of the owner to go upon his premises; (3) customers and others who go there on business with the occupier. The general rule will then be that in those cases that fall under the first head the party injured has no right of action against the occupant of the premises; and the contrary in cases falling under the-second and third heads."

Tobin v. Portland S. & P. R. R. Co., 59 Maine, 188, is in point as illustrating how one doing business for his own profit, may also thereby be acting in the interest and for the benefit of the railroad company, and so doing, may be considered as on its platform by invitation. Tobin was a hackman, hauling passengers to the depot, and was injured by stepping in a hole in the platform.

" The hackman, conveying passengers to a railroad depot for transportation, and aiding them to alight upon the platform of the corporation, is as rightfully upon the same as the passenger alighting. It would be absurd to protect the one from the consequences of corporate negligence and not the other. The hackman is there in the course of his business; but it is a business important to and for the convenience and profit of the defendants. The general principle is well settled, that a person injured, without neglect on his part, by a defect or obstruction in a way or

passage over which he has been induced to pass, for a lawful purpose, by an invitation express or implied, can recover damages for the injuries sustained against the individual so inviting and being in fault for the defect. Barrett v. Black, 56 Maine, 498; Carleton v. Franconia Iron & Steel Co., 99 Mass. 216."

Assuming these statements of the law to be correct, it is important to consider the relation of appellee to appellant in what she was doing at the time of her injury. If for eight years appellee had furnished meals on board appellant's train to its passengers, thereby adding to their comfort and in this way making appellant's road more acceptable and inviting to passengers, what she had done would have been to appellant's interest as well as to her own. In a sense it would have been doing business in connection with appellant's business for mutual profit. Railway mail clerks are in a sense passengers on appellant's train. The government pays for carrying the mail and the mail clerks. The facilities and accommodations which railroads furnish for these purposes are factors in securing contracts with the government. The services which appellee did for the mail clerks on appellant's train, were in effect rendered to appellant's passengers, thereby making its train more convenient and acceptable to them. A jury might properly infer from a continuance of such services for eight years, that they were rendered upon an implied invitation at least. If so rendered, appellee was more than a mere licensee, and appellant owed her the duty of keeping its platform free from dangerous obstructions, and reasonably safe for those entitled to use it.

There is no material conflict in the testimony. The "skid" lay across the platform, and in the darkness, was an obstruction that would be likely to cause one to stumble and fall. There is evidence that it was usually placed by the side of the building. The jury found that leaving it in that place was negligence, and that appellee was in the exercise of due care. There is evidence to sustain their finding upon both issues, and they are the judges of the weight of evidence.

There was then no error in refusing the instruction to find appellant not guilty.

Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.