Merrimack,
Dec. 18, 1902.

### HASELTON v. PORTSMOUTH, KITTERY & YORK STREET RAILWAY.

Evidence that a platform was regularly used for the reception of street railway passengers warrants a finding that the company had adopted it and invited the public to use it for that purpose.

A street railway company is bound to maintain in reasonably safe condition a platform which it has adopted and invited the public to use for the purpose of boarding its cars; and in such case it is immaterial by whom the platform was constructed, or whether it is located within the limits of a highway.

It is not necessary that a person should have come in physical contact with a street railway car to constitute him a passenger and entitle him to the care due to that relation.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1900, of the late supreme court by *Blodgett,* C. J.

The defendants operate a street railway from Portsmouth to York Beach, Maine. Along the beach there is a plank sidewalk, five feet in width, which is elevated above the ground from six to twenty inches, and is unrailed throughout its entire length. At a place called "The Willows" there is a sharp grade and curve in the railway. Just beyond the Willows, and at the end of the grade and curve, the company regularly stopped its cars to take on and discharge passengers; and at this point there is a platform which extends from the sidewalk toward the railway. The platform is about twenty inches wide and twenty-two feet long, and is not railed. It did not appear by whom the platform was constructed or maintained, but the evidence showed that it was used by the street railway.

On the afternoon of July 24, 1899, the plaintiff, with others, was waiting at the platform for a car. When the car arrived, the

plaintiff, who was accompanied by an aged friend, looked for seats; and not finding any in the front of the car convenient to his purpose, he walked along the platform toward the rear end. The plaintiff did not observe that the car, which was forty-one feet long, extended back about nineteen feet beyond the end of the platform. After assisting his companion to a seat, the plaintiff walked further back in order to take a seat behind him; and in so doing he stepped off the end of the platform, was thrown to the ground, and received the injuries complained of.

The plaintiff knew there was no railing at any part of the sidewalk along the beach, and was acquainted with the situation and elevation of the walk in a general way. He went over the walk and passed by the place of the accident on the day previous. The planks of the walk and the running-board of the car were not of the same color. The conductor made no announcement when the car stopped or afterward, and gave no warning to passengers. The defendants' cars stop at any point on signal, grades and curves excepted.

At the close of the plaintiff's evidence the defendants moved for a nonsuit, and at the close of all the evidence that a verdict be directed in their favor. Both motions were denied, subject to exception. The defendants requested the following instructions, which were denied, subject to exception:

" The plaintiff, not having come in physical contact with the car at the time he fell, was not a passenger; and the law is that the defendants were bound to use only ordinary care for his safety.

" If you find that the defendants did not construct the platform, and that it was a part of the highway, then, it being the place at which the plaintiff chose to wait for and board the car, the street railway company had a right to suppose he knew where he was and the character of the place, and owed him no duty except not to willfully or negligently do him some active injury. Hence; if you so find, your verdict should be for the defendants.

" If you find that the cars stopped at signal anywhere except on the grade, and the plaintiff chose his own place to board the car, the company was not responsible for the condition of the place if it was a part of the highway, and the plaintiff cannot recover."

*Martin & Howe*, for the plaintiff.

*Samuel W. Emery*, for the defendants.

REMICK, J. 1. The platform in question was " used by the street railway." There " the company regularly stopped its cars

to take on and discharge passengers." The jury were warranted in finding upon the evidence that the defendants had adopted the platform, and invited the public to use it in getting on and off their cars. *Hurlbert* v. *Railroad*, 40 N. Y. 145, 146, 152, 153; *Delaware etc. R. R.* v. *Trautwein*, 52 N. J. Law 169, 175, 176.

Having adopted the platform and invited the public to use it, it is too elementary to require discussion or citation of authority that they were bound to maintain it in a reasonably safe condition, having reference to the purposes for which they had adopted it and the uses they had invited the public to make of it. Whether it was in a reasonably safe condition for such purposes and uses, and if not, whether the plaintiff was injured in consequence, or as a result of his own negligence, were, upon the facts disclosed, questions for the jury. *Bass* v. *Street Railway*, 70 N. H. 170, 172, 173. It follows that the defendants' motions for nonsuit and verdict were properly denied.

2. The requests for instructions were also properly denied. Physical contact with the car was not necessary to constitute the plaintiff a passenger and entitle him to the care due to that relation. *Rogers* v. *Steamboat Co.*, 86 Me. 261; *Allender* v. *Railway*, 37 Ia. 264; *Smith* v. *Railway*, 32 Minn. 1; 4 Elliott R. R. 2460; Booth St. R'ys, *s.* 326; Joyce Elec. Law, *s.* 528. Nor, having adopted and used and invited the public to use the platform, as shown, was it important whether the company actually built it or not. No more was it material whether the platform was within or without the limits of the highway. *Tobin* v. *Railroad*, 59 Me. 183; *Skottowe* v. *Railway*, 22 Or. 430,—16 L. R. A. 593, 598; Hutch. Car. (2d ed.), *s.* 519.

*Exceptions overruled.*

All concurred.