LILLIAN I. BUCHANAN, BY MINNIE BUCHANAN, HER NEXT FRIEND, PLAINTIFF IN ERROR, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

Argued March 3, 1910—Decided June 20, 1910.

The defendant railroad company was the owner and occupier of a lot of land containing a passenger station along which a concrete walk, or passageway, ran between its ticket and baggage offices. In this passageway there was an opening, unprotected by railing, but which had, previously to the occasion in question, been covered by a movable grating. The station, on the evening of the accident, was open and lighted for the transaction of business, except that the ticket office was closed. The walk at the place of the opening was not lighted as usual but was totally dark. An electric light bulb which had been constructed by the company at that part of the station, and above the opening, was not lit at the time of the accident, but for how long prior the defendant had omitted to light it was in dispute under the evidence. The plaintiff. while walking upon the passageway for the purpose of obtaining a time-table for use upon the railroad, and while exercising ordinary care and prudence, stepped into the opening and, falling down into it, was injured, and the court *held*, that, in view of these circumstances and those stated in the fol-

lowing opinion, it could not say, as a matter of law, the jury would not have been justified in finding that the defendant had failed to keep and maintain its premises with that degree of care, precaution and vigilance, which these circumstances justly demanded, in order to render them reasonably safe for the use of the plaintiff.

On error to the Union County Circuit Court.

For the plaintiff in error, *Jeremiah A. Kiernan.*

For the defendant in error, *William A. Barkalow* and *Frederick J. Faulks.*

The opinion of the court was delivered by

VREDENBURGH, J.    On the evening of May 3d, 1908, after dark, the plaintiff, accompanied by her mother, proceeded to the defendant's railroad station at Roselle, N. J., to obtain a train time-table for her aunt's use upon the railroad, and while walking upon the concrete walk constructed by the defendant between the ticket and baggage offices, unwittingly stepped into a large opening (thirty-three by twenty inches in dimension) which formed a part of the walk and had been theretofore covered by an iron grating, and fell down to the bottom of the excavation below. She suffered serious bodily injuries from her fall and has brought the present action against the company to recover damages for the injuries resulting to her. Her declaration charges, in effect, that she was engaged at the time of her injury in the transaction of business with defendant upon its premises, where she had been invited, by its open station and manner of business to come, and that defendant negligently maintained said premises in a dangerous condition, and suffered a deep hole about three feet square, constructed by it within its sidewalk, upon which she had occasion to walk, to be open, unprotected, and in a dangerous condition, and the place there to be so unlighted and dark that she was unable to see the walk, and stepped in the hole and fell down into it, although exercising due care, and was injured. The trial court, at the conclusion of the evi-

dence, upon the motion of defendant's counsel, directed a verdict for the defendant, holding, presumably from the record before us, that while the evidence showed the plaintiff had been guilty of no negligence on her part, yet it failed to show that the defendant had been guilty of any actionable negligence or neglect of duty towards her on its part, and that in the eye of the law the defendant was not liable.

In reviewing the correctness of this direction we must, of course, be possessed of the material facts in evidence so far at least as they tended to support the plaintiff's averments in her declaration. They are capable of being compressed within a very narrow compass, especially because of the frank admission of controlling facts made by the defendant's brief in this court and which I quote as follows: "It was *totally dark.* at the part of the walk where the opening and the grating were located because the electric light at that point was not then (at the time of the plaintiff's injury) lit; as the plaintiff reached the opening she fell into it, either because the grating was already down in the opening, or so placed that it fell into the opening as she stepped on it."

The defendant's map exhibit shows the construction of the station walls, together with the grating and opening, above referred to, and the location, over it, of the electric bulb which had been constructed there, permanently, by the defendant. From this exhibit it is evident that no other electric light (except this bulb, when lighted) could reach or lighten the place where the opening was, for the reason that projections of the station walls completely hid it from the rays of the other electric lights upon the premises. How long before the plaintiff's fall into this opening this overhead electric bulb (which admittedly was not lit at the time of the accident) had ceased to emit light, or to work effectively so as to shed any light at that place was, as I shall presently show from the evidence, a disputed matter. A witness for the plaintiff who lived near the station testified that he hurried to this point immediately (within five or six minutes) after the plaintiff's fall, and that he struck matches in order to see the opening; that he had known the station for a long time, and ever since

it was built, having had occasion to handle his baggage and trunks there many times before the evening in question; that the electric bulb which had been placed over the opening by the company was not then lit, and *"had been out for—right along;"* that they (meaning the defendant) *"did not take time to put it in."* This testimony stands uncontradicted in the plaintiff's evidence, and in view of the court's action its credibility cannot be now questioned by the defendant in error. The defendant's witness (the town marshal) testified that mischievous boys had been in the habit, before the night of the accident, of going into the station grounds and putting out (drawing) the lights there, and that he had previously found "lots of them (boys and trespassers) in there hiding away at night," and that previous complaints had been made to the company about the lights having been put out; that he had had "business around there on account of the boys misbehaving," previous to the night of the accident. It was also proved that the grating at the opening above referred to was not protected by any railing and was not fastened or secured to the sidewalk by any hooks or chains, or cement, or other means to prevent its displacement by trespassers or others, but was movable, and had been on occasions previous to the accident, temporarily removed in order to enable the defendant's workmen to get into the opening. From the above evidence the jury would have had the right, if they believed it, to find that the defendant had had notice prior to the accident, sufficient to put it upon its guard, that these conditions of darkness which had previously occurred were liable again to happen, and, it seems to me, had an important bearing upon the question of the degree of care, precaution and vigilance which the defendant was under a duty to observe, in view of these risks, in order to render the premises reasonably safe. That the defendant regarded it as a continuing duty towards persons coming to the station at night to transact business with it to keep the walk at this point lighted at night for their safety, is apparent from the above-quoted testimony and all the circumstances, one of which was that the company had located an electric bulb at this spot in order to light it. The

authorities define the degree of care required of a defendant in such cases as "that degree of care, precaution and vigilance which the circumstances justly demand." *Cooley Torts* 630; *2 Bouv. Dict. (Rawle's ed.)* 478. The general rule of law in this state upon this subject, expressed in the case of *Philips* v. *Library Company, 26 Vroom* 307, decided in this court in 1893, and followed and approved since in a great number of opinions delivered in cases both in this court and the Supreme Court, is that "the owner or occupier of lands, who, by invitation, express or implied, induces persons to come upon the premises, is under a duty to exercise ordinary care to render the premises reasonably safe for such purposes, or at least to abstain from any act that will make the entry upon or use of the premises dangerous."

I think that the question whether the defendant had exercised reasonable care to maintain its premises safe for the plaintiff's purposes, or at least had not omitted to light them, and thereby render the entry and use of them by the plaintiff dangerous, should, upon the authority just quoted, and of the adjudged cases cited below, be held to be a jury question.

It was held in the case of *O'Brien* v. *Tatum,* 84 *Ala.* 186, that a storekeeper, who either expressly or impliedly invites the public to enter his place of business for the purpose of trading, must exercise care to keep his premises in a safe condition, and that where one of the public so entering his store is accidentally injured without negligence on his part, by falling into an opening constructed in the store floor, the question of defendant's negligence is for the jury. The plaintiff in this case, while trading at defendant's store, fell into an unguarded opening in the floor of the store made for the operation of an elevator, and was injured; the Supreme Court held that whether the manner of constructing the opening, and leaving it exposed constituted negligence, *per se,* was a question for the jury.

So, in the case in hand, the facts of the construction of the opening with a movable cover, and without any fastening or other means of securing it in position, or railing to guard it, together with the defendant's failure to light at night the

electric bulb (which it considered important to construct there), so that a pedestrian could see that the cover was in its proper position to protect him from stepping into the opening, raised, I think, a question for the jury to say whether or not, in their opinion, as practical men, the defendant had used proper care to keep the premises reasonably safe for persons who rightfully used the walk.

The case of *Gordon* v. *Cummings,* 152 *Mass.* 514, was one where a carrier of letters on a dark evening attempted to enter the building to deposit a letter for a tenant in his box; the place was dimly lighted and as he felt his way along he stepped into an elevator opening, which was not closed or protected by the chain, and fell and was injured, and it was *held,* in an action against the owner for such injuries, that the jury might properly find negligence on the part of the owner, and due care on the part of the letter carrier.

The action of *Davis* v. *Central Congregational Society,* 129 *Mass.* 367, was for tort for personal injuries sustained by the plaintiff by falling over a wall on defendant's premises. The trial judge directed a verdict for the defendant, and it was held in reversing the trial court, that whether the plaintiff was in the exercise of due care, and whether the way was reasonably safe, were questions of fact for the jury. The facts are closely parallel with those in the case at bar. The defendant was the owner of a lot of land with a meeting-house thereon. A concrete driveway or path ran from near the corner of the street to the front doors of the meeting-house; one side of this path, as it approached the street, was bounded by a wall which separated the defendant's land from a side street, and was two and one-half feet high on the street; the plaintiff, while going from the meeting-house, after dark, to the street and walking in the manner in which she usually walked, struck her foot against the wall at a point where it was about eight inches above the path, which was so insufficiently lighted that she did not see the wall, and fell over it into the side street and was injured. The Supreme Court, in ordering a new trial, in its opinion said that "to maintain the action, it must be shown that the defendant corporation was chargeable with

some neglect of duty which it owed to the plaintiff by reason of which she suffered the injury complained of." * * * "The fact that the plaintiff was induced by the defendant to enter upon a dangerous place without warning, is the negligence which entitled the plaintiff to recover." * * * "*We cannot say, as a matter of law,* that the construction, location and direction of the way with the wall and declivity by its side, the want of proper railing, and the *insufficiency of light,* would not justify a finding that in the night time it was unsafe for the use of a person exercising ordinary care and prudence." That such finding of the jury is justifiable under similar conditions see cases: *Illinois Central Railroad* v. *Hopkins,* 100 *Ill. App.* 594; *McKone* v. *Michigan Central Railroad,* 51 *Mich.* 601; *Tobin* v. *Portland, &c., Railroad Co.,* 59 *Me.* 183; *Stokes* v. *Tift,* 64 *Ga.* 312.

The circumstances of the case at bar cannot, I think, be distinguished in principle from those of the above-cited decisions, and the proper application of the rule, so approved, to the evidence before us, requires a reversal of the judgment below and an award of a *venire de novo.*

*For affirmance*—THE CHIEF JUSTICE, VOORHEES, GRAY, JJ. 3.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, JJ. 11.