## Lydia P. Brown, Appellee, v. Samuel Richardson, Appellant.

### Gen. No. 16,974.

1. NEGLIGENCE—*proximate cause of injury.* Where the manifest weight of the evidence clearly shows that plaintiff slipped and fell down the porch steps of defendant's building at a place where there could not be expected to be a guard rail and out of reach of the hand rails on the end of the steps had they had hand rails, neither the want of guard rails on the porch nor the want of hand rails on the end of the steps will be held the proximate cause of the injury.

2. NEGLIGENCE—*accidental occurrence.* In an action for damages for injuries from falling from a porch alleged to have been defective, where the occurrence, under the evidence, may have been accidental, it is error to refuse to instruct the jury that if they believe from the evidence that the alleged injury was accidental, and that neither the plaintiff nor the defendant was negligent, the jury should find the defendant not guilty.

3. NEGLIGENCE—*evidence of right of plaintiff to enter defective premises necessary.* In an action for damages for injuries caused by defects in a building where plaintiff was not a tenant, her evidence should show the purpose of her going to the premises and that she was there by invitation of the occupant or for the purpose of transacting legitimate business.

4. PLEADING—*general issue admits possession.* In an action for damages for injuries caused by defects in a building, the plea

of not guilty, without a special plea denying possession and control, does not put in issue, but admits, such possession or control.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed February 19, 1913.

I. W. FOLTZ, for appellant.

EDWARD MAHER and JAMES L. BYNUM, for appellee.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

Samuel Richardson prosecutes this appeal to reverse a judgment of $5,000, obtained against him by Lydia P. Brown for personal injuries, after a remittitur of $2,500 had been entered, the verdict of the jury being for $7,500.

The declaration charged that appellant possessed and controlled a certain building known as 7228 Wentworth avenue, Chicago, and containing a certain porch and stairways extending from the different apartments of said building to the street thereby, and which porch and stairways were used by tenants, guests and others who had rights to enter and depart from said building; that appellant negligently and improperly constructed and maintained said porch extending from said building to the street in a dangerous and unsafe condition by failing to protect the same, and the steps leading thereupon from the street, with banisters and guard rails; that while appellee was lawfully in said premises by invitation and while carefully attempting to leave the same in the nighttime, she slipped and fell from and off said porch and steps or stairway to and upon the ground, a distance of, to-wit: fifteen feet, by reason of said negligence, and fractured her arm, and bruised and wounded her head, arms, eyes and body, etc., and that she was ignorant of the danger, while appellant was well aware of the same. A second count

contained similar averments with the additional allegation that appellant negligently failed to keep the said porch and steps thereto properly and sufficiently lighted. Appellant pleaded the general issue.

The case was tried upon the allegations of the first count in the declaration, that appellee was injured by reason of the porch and steps having no guard rails to prevent her from falling off the porch or down the steps. The evidence, in substance, is that the proch off of which Mrs. Brown fell and injured herself was by measurement twenty feet long and seven feet wide. The steps to the porch were about fourteen feet long and in the middle of the porch, and lacked about three feet at each end of extending the full length of the porch. The steps were six·in number, and the porch was from three to three and one-half or four feet from the ground, its highest point from the ground being at the south end. The house faces east. This porch is in front of two double doors separated by a pillar and the extreme north and south sides of the double doorways appear to be inside of the steps, that is to say, the steps extend a little farther north and south than the north side of the north doorway and the south side of the south doorway. At any rate, it clearly appears from the photographs of the building that the north end of the porch extends farther north than the north side of the north doorway. The oral testimony does not bear on this point. It is also undisputed that appellee was in the second flat of the building and had to come out, and did come out of the south door of the two north double doors as she left the building, which must be several feet south of the north end of the porch. She testified positively that she walked out of this door straight away to the steps, and fell off the porch. If she did, she must have fallen down the steps, notwithstanding the fact that she testified that she fell off the porch where there were no steps, and that she thought the steps extended the full length of the

porch.  Her testimony in cross-examination reads like this

"I went in there (in the house) about 5 o'clock (Jan. 13, 1909), and it was half past five when I came out. I went right down the front steps right down to the front platform.  There is a door right by the platform (the porch) as I came out of the building.  I came right out of that door and walked straight out over the platform and then I fell.  I fell off of the first step, the top step.  Where there was no step, I went a step and stepped off into space.  I thought the step went the whole length of the platform, but it didn't, as I found afterwards."

Mr. Denmark, a witness for appellant, testified that appellee told him, prior to the trial, "that she had entered the house from the rear and that she had left it from the front entrance, and that she had walked out on to the porch directly from the door and slipped on the top step and fell, and landed down the stairs, and that she had lain there some time; that her niece had come down and found her, she didn't know how long it had been, but that she had been unconscious apparently for some time.  She talked reluctantly.  She said she had been instructed by her attorneys not to talk."

Lydia Crozier, another of appellant's witnesses, testified that appellee told her, "that she had slipped on the ice at 7228 Wentworth avenue and broke her arm. She didn't say which step, she said it was the front steps."

The foregoing are all the witnesses on the questions of how and where she fell.  The manifest weight of the evidence, in other words, clearly shows that she fell down the porch steps at a place where there could not be expected to be a guard rail, and out of reach of the hand rail on the end of the porch, had it had hand rails. Therefore, neither the want of guard rails on the porch nor the want of hand rails on the end of the steps, was the proximate cause of the injury, according to the weight of the evidence.  It will certainly not be insisted that a guard rail should be between the doors and the

steps, the walk way in entering or leaving the house. It is a principle of law too elementary for the citation of authorities, that, in order for a plaintiff to recover for personal injuries, the defect complained of must be shown to be the proximate cause of the injury.

It also must be apparent that there was no occasion, so far as the evidence shows, for appellee to have gone north or south from the door she came out far enough to entirely miss the steps when she attempted to leave the porch. If she did so, it must be apparent that in the absence of a satisfactory showing why she did so, that such an act would be strong evidence of contributory negligence on her part. Our conclusion, therefore, is that the verdict of the jury in this case is against the manifest weight of the evidence.

It is urged by appellant that the proof fails to show that he was in possession and control of the premises and the porch and steps, etc. The plea of not guilty did not put in issue their possession and control, and as there was no special plea denying such possession and control, it was admitted. McNulta v. Lockridge, 137 Ill. 270; Illinois Life Ass'n v. Wells, 200 Ill. 445; Chicago City Ry. Co. v. Carroll, 206 Ill. 318; Pennsylvania Co. v. Chapman, 220 Ill. 428; Morris v. Williams, 143 Ill. App. 140; Winn v. Cleveland, C., C. & St. L. R. Co., 239 Ill. 132.

This instruction was offered by appellant and refused by the court, to-wit:

"10. If the jury believe, from the evidence, that the alleged injury was accidental, and that neither the plaintiff nor the defendant was negligent, the jury should find the defendant not guilty."

No other instruction given stated the law in regard to a mere accidental occurrence where neither party was at fault, and the instruction should have been given. City of Chicago v. Lavelle, 83 Ill. 482. Appellant's refused instruction No. 11 was proper, save the last clause thereof, "and such (porches, platforms and

stairways) as are ordinarily used in similar buildings." There was no evidence to the effect that the porches and stairways there were such as are ordinarily used in similar buildings. Instructions should be based on the evidence. Same objections to said No. 11 also apply to appellant's refused instruction No. 12.

The evidence of appellee should have shown the purpose of her going to the premises in question. If she was invited there to transact legitimate business by the occupant, or was there on legitimate business, appellant would be liable to her, if she was injured by his negligence. Illinois Cent. R. Co. v. Hopkins, 100 Ill. App. 594; Schwandt v. Metzger Linseed Oil Co., 93 Ill. App. 365.

As the other errors assigned may not arise on another trial, we do not consider them. For the reasons above stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*