Newberry v. B. & O. C. Terminal Railroad Co., 223 Ill. App. 304.

*Cong. Church of Harvard v. Page*, 257 Ill. 472:

"Upon the filing of their petition disclosing their right to answer, the cause should proceed exactly the same as any other suit in chancery, except that the decree stands pending the hearing and would not be confirmed, set aside, altered or amended until the conclusion thereof."

If, therefore, under the statute, the cause should proceed the same as any other suit in chancery, with the exception stated, then we see no reason why "during the pendency of the suit" the husband may not be required to pay to the wife such sum or sums as may enable her to defend her suit as provided for in section 15 of the Divorce Act (Cahill's Ill. St. ch. 40, ¶ 16). The authorities cited by appellant have no application to such a state of facts as disclosed in this record.

Accordingly, the court's action will be affirmed.

*Affirmed.*

GRIDLEY, P. J., and MORRILL, J., concur.

---

## Martha Lee Newberry, Appellee, v. Baltimore & Ohio Chicago Terminal Railroad Company, Appellant.

### Gen. No. 26,591.

1. NEGLIGENCE—*when question whether negligence was proximate cause of personal injuries is for jury.* Whether the negligence charged in the declaration in an action for personal injuries was the proximate cause of the injuries is a question of fact for the jury if there is any evidence tending to establish such fact; otherwise it becomes a question of law.

2. CARRIERS—*sufficiency of evidence as to proximate cause of injuries to person at depot for purpose of bidding farewell to passenger.* In an action for damages for personal injuries sustained by plaintiff while at defendant's depot on the occasion of the de-

Newberry v. B. & O. C. Terminal Railroad Co., 223 Ill. App. 304.

parture of her son and other soldiers, *held* that there was evidence tending to show that defendant's alleged breaches of duty in not furnishing sufficient light and in failing to provide guards sufficient to control the crowd constituted the proximate cause of her injuries.

3. CARRIERS—*duty to person who goes to station to meet incoming or accompanying outgoing passengers.* A duty exists on the part of a railroad company to one who goes to its station to meet incoming or accompany outgoing passengers to exercise reasonable care in keeping the platform properly lighted and in safe condition.

4. DAMAGES—*when giving of instructions permitting consideration of future effects of personal injuries is not error.* Where the character of plaintiff's injuries indicated that they were of such a nature as to involve some future effects upon her physical condition, no error was committed by the trial judge in giving instructions which permitted the jury to consider that element in determining the damages.

BARNES, J., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed December 30, 1921. Rehearing denied January 4, 1922.

HENRY D. SHEEAN, for appellant.

BARTHELL, FITTS & RUNDALL, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

Plaintiff, who is appellee here, brought suit against the Baltimore & Ohio Chicago Terminal Railroad Company to recover damages for personal injuries alleged to have been sustained by her on September 9, 1917. There was a jury trial resulting in a verdict and judgment against the defendant for $4,000, from which an appeal has been prayed and allowed.

The evidence shows that on the afternoon of September 9, 1917, plaintiff went to the Grand Central passenger station in Chicago, which is owned by defendant, for the purpose of accompanying and bidding farewell to her eldest son, who was a member and in charge of the first contingent of drafted men who were leaving Chicago on that date to go to Camp Grant

for military training. There was a large crowd at the station because of the unusual character of the occasion and the publicity which had been given to the fact that the first contingent of drafted men were to leave at that time. Plaintiff and others who were there for the purpose of bidding the prospective soldiers farewell were kept out of the train shed until the drafted men had passed through the gates and had been entrained. Thereafter the gates were opened and the people who were outside were permitted to go upon the train platform. This permission was given by an announcement made by an agent of defendant to the effect that the gates would be opened and an opportunity given for friends and relatives to enter the train shed and say farewell to the men. With one exception the witnesses testified that it was a dark, misty, rainy day and that the lighting of the train shed was imperfect.

When the gates were thrown open the crowd rushed through them promiscuously and plaintiff was carried along by the crowd. She went in a southerly direction along the platform until she was crowded therefrom. She then walked along the track at the right of the platform for some distance. While so doing she stepped into a hole and fell, receiving the injuries specified in the declaration. This hole was between the rails of the track and is described as a pipe tunnel containing pipes of various kinds. At the point where plaintiff fell there was an opening into the tunnel covered by a square iron cover depressed below the tops of the ties about nine inches. The width of the platform was nineteen feet, two inches. These facts are undisputed except that there is some controversy as to whether the hole in question was permanent or temporary.

The declaration charges defendant with negligence in failing to provide attendants to restrain and regulate the crowd and in opening the gates and permit-

ting the crowd to pass through without regulation, and further that it should have furnished guards for the platform so as to prevent people from being pushed therefrom to the railroad tracks; that it failed to warn plaintiff of the danger of being crowded off the platform and failed to furnish sufficient light about the premises. The declaration contains no charge of negligence on the part of defendant in permitting the existence of the hole into which she stepped. A reversal is sought upon the ground that the negligence charged in the declaration was not the proximate cause of the injury; that the damages awarded are excessive and that the court erred in giving a certain instruction as to the measure of plaintiff's damages. The particular point of the instruction about which complaint is made is mention of the element of future damages which might be sustained by plaintiff as the direct result of her injury.

It is well settled that whether or not the negligence charged in the declaration was the proximate cause of the injury is a question of fact for the jury if there is any evidence tending to establish such fact. If there is no evidence upon the subject, then it becomes a question of law. *Seymour v. Union Stock Yards & Transit Co.,* 224 Ill. 579. Plaintiff prosecutes her action upon the theory that defendant owed to her the duty of using due, ordinary and reasonable care for her safety and that there was a breach of that duty in failing to provide proper light and in failing to furnish guards sufficient to control the crowds. It is obvious that there was evidence tending to show that these alleged breaches of duty constituted the proximate cause of the injury. The verdict of the jury in that respect was not manifestly against the weight of the evidence.

If the presence of plaintiff upon the premises was due to an invitation from the owner, express or implied, and not by mere permission, it became the

owner's duty to keep the premises in a reasonably safe condition. *Milauskis v. Terminal R. of St. Louis Ass'n*, 286 Ill. 547. Such a duty exists on the part of a railroad company to one who goes to the station to meet arriving passengers or to accompany those who are about to depart and the company is liable for injuries sustained through the failure of the railroad company to exercise reasonable care in keeping the platform properly lighted and in a safe condition. · 3 Elliott on Railroads (3rd Ed.), sec. 1794; 10 Corpus Juris 923. This liability for injuries arising from its negligence extends not only to passengers but also to those who are on the premises for the purpose of welcoming or bidding farewell to passengers. *Hamilton v. Texas & P. Ry. Co.*, 64 Tex. 251; *Doss v. Missouri, K. & T. R. Co.*, 59 Mo. 27; *Klugherz v. Chicago, M. & St. P. Ry. Co.*, 90 Minn. 17. The obligation arises from the public character of such corporations and the duties resulting from their acceptance of a charter from the State. It exists as to all who are rightfully upon the premises. *Tobin v. Portland, S. & P. R. Co.*, 59 Me. 183.

We have examined the authorities cited by counsel upon the question of excessive damages and find a great variance in the amount allowed in other cases for injuries of the same general character as those sustained by plaintiff. It seems impossible to arrive at a definite rule upon the question, which is one primarily to be determined by the jury. In view of the existing economic conditions, we do not feel justified in holding that the damages awarded in this case were excessive.

The character of plaintiff's injuries indicate that they were of such a nature as to involve some future effects upon her physical condition; therefore we are of the opinion that no error was committed by the trial judge in giving the instruction which permitted the

jury to consider that element in determining the amount of the damages.

The judgment of the circuit court is affirmed.

*Affirmed.*

GRIDLEY, P. J., concurs.

BARNES, J.: I think the judgment was excessive and there ought to be a remittitur required.