## WILSON v. ROACH.

No. 12546—Opinion Filed Jan 29, 1924.

(Syllabus.)

### 1. Negligence—"Unavoidable Accident."

An unavoidable accident is a casualty which occurs without negligence of either party, and when all means which common prudence suggests have been used to prevent it.

### 2. Same—Responsibility for Damages.

Neither party to an unavoidable accident is responsible to the other for damages sustained thereby.

### 3. Same—Automobile Collision.

Automobilists are not insurers. Mere proof of injuries sustained in a collision with an automobile raises no presumption of negligence.

### 4. Same—Reasonable Care in Emergency.

In event the driver of an automobile is suddenly met with an emergency which naturally would overpower the judgment of a reasonably prudent and careful driver, so that momentarily he is thereby rendered incapable of deliberate and intelligent action, and as a result injures a third person, the driver is not negligent, provided he has used due care to avoid meeting such an emergency, and after it arises, he uses such care as a reasonably prudent and capable driver of an automobile would use under the unusual circumstances.

5. **Same—Action for Personal Injuries—Defense—Instructions.**

In a suit by a plaintiff to recover damages for personal injuries sustained in a collision with defendant's automobile, negligence of the defendant is the basis of the cause of action, and where the defendant in such case pleads and submits evidence to make prima facie proof that the casualty was an unavoidable accident, it is error for the court to refuse to properly instruct the jury upon that issue.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Luella Roach against W. D. Wilson. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Dyer & Keim, for plaintiff in error.

C. D. Roseman and H. J. Sturgis, for defendant in error.

LYDICK, J. In this case, Luella Roach, as plaintiff, filed her petition in the district court of Garfield county, against W. D. Wilson, as defendant, for the recovery of damages for personal injuries sustained by plaintiff in a collision between an automobile driven by defendant's agent, with a horse and buggy driven by plaintiff, and in which buggy plaintiff was then seated. The collision occurred on Independence avenue, a public highway, in the city of Enid, Okla. Plaintiff alleges that defendant's negligence was the proximate cause of the injuries. The defendant, by answer, admitted the collision, asserted it to have been an unavoidable accident occurring through no negligence on his part, and made other defenses.

The case was tried to the court and jury, and upon the verdict of the jury, judgment was rendered in favor of the plaintiff. The defendant, Wilson, brings the case held on appeal. The parties are referred to according to the position they occupied in the lower court.

The plaintiff introduced evidence tending to show that she was driving her horse and buggy southward and upon her right-hand side of the street, using due care and without fault; that defendant's agent was driving the automobile northward on the driver's left-hand side of the street, at an excessive rate of speed; that he suddenly, illegally, and without right or warning, turned the automobile to the driver's left diagonally northwest, and carelessly and recklessly collided with the plaintiff's buggy, causing her to be thrown therefrom and injured.

The defendant affirmatively pleaded and introduced evidence tending to show that the street was only 60 feet wide from curb to curb; that defendant's agent was slowly and cautiously driving the automobile northward on the driver's right half of the street; that along both sides of this street automobiles were rightfully and lawfully parked; that the passage way between the two rows of automobiles was such as to leave but little space between automobiles or vehicles meeting and passing there. That at the time of the accident the plaintiff was seated in a buggy which was stopped and illegally standing still in the middle of the street, blocking the traffic, and making it impossible for vehicles to pass upon the street at the place where such collision occurred; that as defendant's agent was driving his automobile along the street, someone, without signal or warning, very suddenly backed a parked automobile from the driver's righthand side of the street in front of and towards, and almost into his automobile; that in order to avoid a collision with said car, and imminent bodily injury to himself, the defendant's agent, necessarily and quickly, turned his automobile to the left while yet going forward, it reasonably appearing to defendant's agent that such a course was necessary and proper; that the defendant's agent and driver had reason to believe that he could by so turning his car avoid collision of any kind, and that if the buggy had not been wrongfully placed by plaintiff in the center of the street, no collision would have occurred; that the defendant's agent, by so doing, did cause the left hand fender of his automobile to collide but slightly with the left front wheel of plaintiff's buggy; that the plaintiff unnecessarily jumped from the buggy, and thus carelessly and negligently caused her own injuries.

Defendant, having so pleaded, introduced evidence which, should the jury believe the same, is sufficient to support a finding by the jury that the collision was unavoidable and without negligence on the part of the defendant or his agent.

At the conclusion of the trial, defendant requested the following instruction:

"You are instructed that if you find from all of the facts and circumstances introduced in the evidence during the trial of this case that the injuries sustained by the plaintiff were the result of an unavoidable accident or inevitable accident and that such accident happened by and without fault, then your verdict should be for the defendant."

The instruction was refused, and exceptions duly saved by defendant.

The court, over the objection of the defendant, gave the following instruction to the jury:

"You are hereby instructed that an automobile has the same right to the use of a road and highway as a buggy and horse, but has no greater right. Notwithstanding the right of an automobile to the use of a road or highway, it does not have the right to run into or run upon another vehicle where there is no sufficient room to pass with safety. And if you find and believe from the evidence in this case that the daughter of the defendant ran defendant's automobile against the buggy in which the plaintiff was riding and by reason of such collision the plaintiff was injured, she would be entitled to recover such sum as actual damages which would compensate her for the injury to herself, personally, if any; provided, the plaintiff was not guilty of contributory negligence and did not by her own act contribute to the jury complained of."

Exception was properly saved by defendant.

The court instructed the jury at great length in instructions 1 to 14, inclusive, but in none of these instructions was the jury informed that it was necessary for the plaintiff to prove an act of negligence on the part of the defendant. In instruction No. 1, the court did cast the burden upon the plaintiff to prove all the material allegations of her petition, but the court did not inform the jury that the allegation of negligence of defendant was a material one. Negligence of the defendant is the basis of this action, and the defendant was entitled to have the jury properly instructed on this vital issue. Automobilists are not insurers. One injured in a collision with an automobile cannot recover unless the driver of the automobile was negligent in failing to exercise such a degree of care as a reasonably prudent person would exercise under similar circumstances. The quantum of care required is to be estimated by the exigencies of the particular situation, and is usually a question of fact for the jury. The mere proving of injuries raises no presumption of negligence. See Huddy on Automobiles, secs. 284, 285, 410, and 416, and cases cited.

In a somewhat similar case, the Supreme Court of Kansas in the case of Arrington v. Horner, 88 Kan. 817, 129 Pac. 1159, approves of an instruction reading in part as follows:

"In the ordinary walks of life, injury and damage often occur to persons and property, that cannot be traced to the fault and neglect of anyone, and so constitute only a mere accident for which no one is responsible, and for which no one can be held liable, and the person or persons suffering loss or damage by mere accident are without remedy and must bear the loss."

Among the many definitions found in Words and Phrases, vol. 8, page 7149, we quote:

"Where an accident occurs without the negligence of either party, it is known as an 'unavoidable accident.' Galveston, H. & S. A. R. Co. v. Gormley (Tex.) 35 S. W. 488, 489."

"By common acceptation 'unavoidable accident' means a casualty which happens when all the means which common prudence suggests have been used to prevent it." Hodgson v. Dexter (U. S.) 12 Fed. Cas. 283."

The appellate court of Indiana, in the case of Mayer v. Mellette, 114 N. E. 241, said, in the syllabus:

"If an automobile driver is confronted by the emergency of impending collision due to negligent fast driving of another driver and her conduct, under the circumstances, was that of a person of ordinary prudence, she was not negligent."

The Supreme Court of Massachusetts well said in the case of Massie v. Barker, 113 N. E. 199:

"The law as to drivers of motor vehicles is not different from that which governs other persons. The standard required is that of the reasonably prudent person under all the circumstances. If some unforeseen emergency occurs, which naturally would overpower the judgment of the ordinary careful driver of a motor vehicle, so that momentarily or for a time he is not capable of intelligent action and as a result injury is inflicted upon a third person, the driver is not negligent. The law does not require supernatural poise or self-control. But no one safely can drive motor vehicles amid the distractions and dangers likely to be encountered on the modern highway and street who is not reasonably steady of nerve, quick in forming an opinion, and calm in executing a design. Whether the conduct of the defendant's agent measured up to the standard of common caution for the driver of a motor vehicle under all the circumstances, was a question of fact."

The Superior Court of Delaware, in the case of Travers v. Hartman, 92 Atl. 855, followed a similar rule formerly laid down by it in the case of Simeone v. Lindsay, 65 Atl. 778, where in section 11 of the syllabus, the court said:

"An accident to a traveler on a highway, struck by an automobile, happening without negligence on the part of the operator of

the automobile, is an unavoidable accident, and the traveler cannot recover therefor."

The instruction given by the court would permit the plaintiff to recover even though the jury might believe defendant and his agent guilty of no negligence. That is not the law. The requested instruction denied by the court would only relieve the defendant if he had done no negligent act. That is the law. The jury was therefore misled as to the law. The defendant has been denied a substantial right. The judgment cannot stand.

The only other errors complained of relate to the giving and refusal of other instructions. We cannot know that any question may arise in the further trial of this case as to the validity of the other instructions of which the defendant here complains. It is therefore not necessary to now pass upon the other assignments of error.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.

JOHNSON, C. J., and KENNAMER. COCHRAN, and HARRISON, JJ., concur.