THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LESLIE CASSIN, Plaintiff in Error.

*Opinion filed June 16, 1926—Rehearing denied October 12, 1926.*

1. CRIMINAL LAW—*intention of legislature must be followed in construing words "and" and "or."* As it is a cardinal rule in construing statutes that the intention of the legislature be given effect, the word "or" cannot be construed to mean "and" unless the language of the statute indicates such intention on the part of the legislature.

2. SAME—*construction of section 246 of the Criminal Code as to penalty for robbery with dangerous weapon.* The provision of section 246 of the Criminal Code that if one committing the crime of robbery if "armed with a dangerous weapon, or being so armed he wounds or strikes him," the punishment shall be imprisonment for not less than ten years and may be for life, authorizes said penalty where the jury finds that the accused was armed with a dangerous weapon, whether such weapon was used or not, as the word "or" in such case cannot be construed to mean "and."

3. SAME—*when instruction is not improper as allowing jury to disregard arguments and instructions.* An instruction which tells the jury that they should not allow sympathy or prejudice to influence them and that they should not be influenced in their deliberation by anything other than the law and the evidence in the case is not improper as allowing the jury to disregard arguments of

counsel and the instructions of the court, as the instructions constitute the law in the case and the arguments are included within the scope of the law and the evidence. (*People* v. *Ambach,* 247 Ill. 451, distinguished.)

4. SAME—*when gun and shells used in robbery are admissible.* A gun, and the loaded shells taken therefrom, which were used in the perpetration of a robbery, are admissible in evidence against the defendant charged with the crime, where it is proved that a police officer followed the defendant immediately and obtained the gun at the time he arrested him; and the objection that the shells had been taken from the gun before its introduction in evidence is without merit, where the gun and shells are properly identified by the officer who made the arrest.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

WILLIAM SCOTT STEWART, W. W. O'BRIEN, CLARENCE MERCER, and CHARLES P. R. MACAULAY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and MERRILL F. WEHMHOFF, (EDWARD E. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of robbery while armed with a dangerous weapon, to-wit, a pistol. He was sentenced to the State penitentiary at Joliet under the terms of section 246 of the Criminal Code providing that the imprisonment shall be for not less than ten years and may be for life. He brings the cause here for review, contending that under such an indictment, where no attempt was made to use the pistol, section 246 does not provide for the infliction of the heavier punishment. Complaint is also made of the admission of evidence and instructions to the jury.

Section 246 of the Criminal Code describes the crime of robbery, and in fixing the punishment provides: "Or if he is armed with a dangerous weapon or being so armed he wounds or strikes him," etc., the greater penalty shall be inflicted. Counsel argue that the word "or" should be construed to mean "and," and that before the infliction of the heavier penalty the indictment must charge and the proof show that the defendant was armed with a dangerous weapon and wounded or struck the victim. While in proper cases the word "or" may be construed to mean "and," there is nothing in this act that in any way indicates such an intention on the part of the legislature. It is a cardinal rule of construction of statutes that the intention of the legislature be given effect. (*Smith* v. *County of Logan,* 284 Ill. 163.) We are of the opinion that this section of the Criminal Code means just what it says, and that conviction of robbery where the jury finds that the accused was armed with a dangerous weapon requires the imposition of the heavier penalty, whether such weapon was or was not used. (*People* v. *Hildebrand,* 307 Ill. 544.) It was not error to impose the heavier penalty.

Complaint is made of the first instruction given on behalf of the State, which told the jury that they should not allow sympathy or prejudice to influence them and that they should not be influenced in their deliberation by anything other than the law and the evidence in the case. The argument is that the instruction directed the jury to disregard arguments of counsel, and that to so instruct the jury was error. In support of this contention counsel cite the case of *People* v. *Ambach,* 247 Ill. 451. That case, however, is not authority for such contention for the reason that the instruction there considered in effect told the jury that they were to disregard the arguments of counsel. The instruction in the case at bar did not refer to the arguments of counsel, and while reference thereto might properly have been made, they are, in fact, included within the scope of

the law and the evidence, as arguments may properly refer only thereto. Failure to specifically mention arguments of counsel did not render the instruction erroneous.

It is also urged as an objection to this instruction that it did not include the instructions of the court as to the law. The jury were informed that they were to receive the law from the court, and it was not error to omit reference to the instructions of the court.

It is urged that there was not sufficient identification of the pistol and shells introduced in evidence. The record shows, and it is not denied, that the complaining witness, one Rogers, a taxi-driver, was requested by plaintiff in error to take him to a certain place in the city of Chicago, and when told that the taxi fare was forty-five cents he thereupon asked the taxi-driver to go to a certain address in the city and he would pay him; that arriving at that place they went into a passageway, where plaintiff in error drew a gun and told the complaining witness to throw up his hands, and that he took from witness' pocket the sum of $3 in currency, $4.80 in silver and a telephone slug; that the complaining witness, while later following plaintiff in error, saw policeman James P. Maloney and pointed out plaintiff in error on the street as the man who had robbed him. The officer pursued plaintiff in error into a vacant garage building, where he arrested him. On the policeman's request plaintiff in error procured the gun from a shelf in the garage where he had put it. The gun and shells were identified by Maloney and the ground for their introduction in evidence was sufficiently laid. The fact that the shells were not in the gun is of no consequence. They were shown to be the loads taken from the gun, and it is but in the interest of safety in the court room that the pistol should not be exhibited before the jury while loaded.

We find no reversible error in the record, and the judgment will be affirmed.                    *Judgment affirmed.*