Mary Ellen Oliver, Minor, by John Oliver, Her Father and Next Friend, and John Oliver, Appellants, v. Thomas O. Kelley and The Prudential Insurance Company of America, Appellees.

488

Opinion filed March 13, 1939.  Rehearing denied July 1, 1939.

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, for appellants.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and BAKER, LESEMANN, KAGY & WAGNER, all of East St. Louis, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On March 9, 1936, Mary Ellen Oliver, a child aged 8 years, while crossing a street in the city of East St. Louis, was struck by a car driven by defendant Thomas O. Kelley and severely injured. Her father and next friend, to recover damages for her injuries and the amount of his expenditures for her medical care and hospital bills, brought suit against defendant Kelley and the codefendant the Prudential Insurance Company of America, alleging that Kelley was at the time the agent and servant of the insurance company.

Upon the trial there was a finding for both plaintiffs and their damages assessed at $7,500 for Mary Ellen, and $500 for the father. Defendants moved for judgment notwithstanding the verdict and the motion was sustained and judgment entered in favor of defendants and in bar of the action. The propriety of such ruling is the basis of this appeal.

Defendant, Prudential Insurance Company, asserts that Kelley was an independent contractor and not its servant at the time the injuries were inflicted, and hence it cannot be held upon the doctrine of respondeat superior. We think there was sufficient proof to justify a finding that Kelley at such time was the servant of the insurance company and acting within the scope of his authority; *Hall v. Séra,* 112 Conn. 291, 152 Atl. 148.

Kelley contends that he was not negligent; that the child heedlessly and recklessly ran into his car, and that he is in nowise responsible for the result.

There were but three eyewitnesses to the collision,— Dorothy Oliver, sister of Mary Ellen, a Mrs. McConkey and Kelley. Mary Ellen was not able to remember any of the facts.

Dorothy testified that she and Mary Ellen started to cross the street in the middle of the block; that there was an automobile approaching from the west; that when they reached the center of the street, another car, the one driven by Kelley, started to pass the first one;

that it was coming directly at the girls; that she (Dorothy) stepped back a few feet, while Mary Ellen stood still, and that the latter was struck while in the middle of the street.

Mrs. McConkey stated that as she was standing on her porch she saw the girls start across the street; that Dorothy let loose of Mary Ellen's hand and ran back, while Mary Ellen ran on and appeared to be looking around or backward when she struck the door handle of the car.

Kelley deposed that he saw the girls step off the curb and cross to the center of the street; that he reduced his speed; that when about 20 feet from him the smaller girl wrenched her hand from that of her sister and ran toward him, turning her head back and laughing at her sister; that he swerved his car to the right and turned toward the curb; that Mary Ellen continued toward his car and ran into it, striking the door handle, and that when she did so he was traveling slowly, not more than 10 miles an hour.

In passing upon motions for judgment notwithstanding the verdict, the court may not weigh the evidence, nor determine any controverted question of fact, but is limited to the same considerations which control in the case of motions to direct a verdict; *Synwolt v. Klank,* 296 Ill. App. 79; *Capelle v. Chicago & N. W. Ry. Co.,* 280 Ill. App. 471. The test, where a motion of the latter class is filed, is whether the proof made by plaintiff, with all the legitimate inferences that may reasonably be drawn from it, tends to support the plaintiff's contention, and if it does the motion must be denied; *Blumb v. Getz,* 366 Ill. 273; *Thomason v. Chicago Motor Coach Co.,* 292 Ill. App. 104.

The testimony of Dorothy Oliver certainly conduces to support the plaintiffs' contention that Kelley was guilty of the negligence charged, and hence under the authority of the decisions cited, the motion for judg-

ment notwithstanding the verdict should have been overruled.

Section 68 of the Civil Practice Act provides (in part) in paragraph 3, clause (c) [ch. 110, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 104.068], "if a party in whose favor a verdict was rendered shall assign as error the action of the trial court in awarding judgment non obstante verdicto, and the reviewing court shall sustain such contention, it shall reverse the judgment, and order or render one upon the verdict, unless it shall appear that there was error at the trial which would have entitled the party in whose favor the judgment notwithstanding the verdict was rendered, to a new trial if such judgment had not been entered, in which event a new trial shall be ordered."

Plaintiffs assert that no such error intervened, and that judgment in their favor should be entered here.

Defendant Kelley contends that two instructions offered by him were improperly refused.

Instruction No. 26 was to the effect that the jury should not allow sympathy or prejudice to influence their finding, but that they should be guided solely by the law and the evidence. This is a correct statement of the law and is a proper instruction; *People v. Cassin,* 322 Ill. 276. However, it appears that instructions Nos. 12 and 17, given at the instance of defendant, embodied the same principle, hence it was not necessary for the trial court to repeat the same rule in charging the jury; *Chicago Union Traction Co. v. Newmiller,* 215 Ill. 383.

Instruction No. 25 was: "If you believe from the evidence that the alleged injury of the said Mary Ellen Oliver was accidental and that neither the plaintiff nor the defendant was negligent, you should find the defendant, Thomas O. Kelley, not guilty."

In *City of Chicago v. Lavelle,* 83 Ill. 482, the trial court refused to give such an instruction. The proof

there was conflicting upon the question of defendant's negligence and the Supreme Court held: "If it be true that the city was free from negligence, as the evidence introduced on the part of the defense tended to establish, and if it was also true that the injury was accidental, no argument is needed to show that the city could not be held responsible for the damages appellee had received"; and reversed the judgment, one of the reasons assigned being the refusal to give such instruction.

In *Brown v. Richardson,* 177 Ill. App. 488, an action for personal injuries, where the occurrence, under the evidence, might have been accidental, it was held that such an instruction should have been given, and that its refusal was error.

Plaintiffs cite *Streeter v. Humrichouse,* 357 Ill. 234, to the contrary. However, the court in such decision expressly found that there was no evidence that the deceased was injured through accident alone. This is not the situation in the instant case. Here, if the testimony of Kelley and Mrs. McConkey be true, the former is not guilty of negligence; moreover, Mary Ellen was a child of the age of 8 years and was only required to exercise such care and caution for her own safety as a child of her age, intelligence, capacity and experience would exercise under the same or similar circumstances at the time of and just prior to the collision; *Wolczek v. Public Service Co.,* 342 Ill. 482. Whether or not she was exercising such care, and whether Kelley was guilty of negligence, in the state of the evidence, were fairly raised as questions of fact, and if it be true that she used such degree of care, and that he was not negligent, then neither was responsible for the occurrence, and obviously the happening was accidental. Kelley was entitled to have this proposition of law laid before the jury. No other instruction embodying the principle was given, and its refusal was

error in view of the close character of the case upon the facts.

The liability of the insurance company rests in great part upon whether Kelley was or was not negligent, and inasmuch as a new trial must be granted to him the order shall apply to both defendants.

Judgment reversed, a new trial awarded, and the cause remanded.

*Reversed and remanded.*