(No. 32547.—

IMOGENE CRUTCHFIELD, Admx., Appellant, *vs.* WILLIAM MEYER *et al.,* Appellees.

*Opinion filed January 22, 1953—Rehearing denied March 24, 1953.*

Irving G. Zazove, and Harry Pikowsky, both of Chicago, (Charles D. Snewind, of counsel,) for appellant.

Hinshaw & Culbertson, of Chicago, (Oswell G. Treadway, of counsel,) for appellees.

Mr. Justice Maxwell delivered the opinion of the court:

This case involves an action for the alleged wrongful death of a minor. A jury trial in the circuit court of Cook County resulted in a verdict of not guilty. Motions for judgment notwithstanding verdict and for new trial were denied by the trial court and judgment was rendered on the verdict. The Appellate Court of Illinois, First District, affirmed the lower court and this court has allowed plaintiff's petition for leave to appeal.

The amended complaint of the plaintiff, as administratrix, seeks to recover damages for the death of her five-year-old son under the provisions of the Wrongful Death Act (Ill. Rev. Stat. 1951, chap. 70, pars. 1 and 2.) Negligence of the defendants is charged in the operation of their coal and ice truck in the north and south alley within the block bounded on the north by Van Buren Street, on the west by Leavitt Street, on the south by Congress Street, and on the east by Hoyne Avenue, in the city of Chicago.

Plaintiff and her family resided in this block at 2148 Congress Street. While the father, a painter, was at work and while the mother was administering to another child who was sick at the time, Jerry Wayne Crutchfield left the home unnoticed and while in said alley was struck and killed by defendants' truck at approximately 10:00 o'clock on the morning of November 19, 1947. The neighborhood was residential and fairly well built up and populated. There were no playgrounds in the immediate vicinity of the home. The mother never permitted Jerry to play in the alley, although she had seen other children play in the streets and alleys of the neighborhood.

The facts are set out in the Appellate Court opinion. The effect of the testimony of plaintiff's witnesses is that several small children were playing in the alley and that defendants' truck struck the child while going forward. The effect of the testimony of defendants' lone witness, by deposition, is that no children were seen in the alley, that the decedent was not seen and was run over while the truck was being driven in reverse by the defendant Edward Meyer. Defendants' lone witness, Buikema, testified both he and the driver were looking to the rear while travelling in reverse at about one mile per hour, that they felt one bump and stopped after proceeding approximately twenty-five feet. It was then that the body of the child was discovered, lying twenty-five feet in front of the truck.

Among other things, appellant contends that certain erroneous instructions were given by the trial court at the instance of the defendants and that defendants' counsel was guilty of certain prejudicial argument which unduly influenced the jury's verdict.

The decedent, being under the age of seven, as a matter of law was not chargeable with contributory negligence. However, in cases of this type, we have consistently held that proximate contributory negligence of the parents will bar recovery. (*Ohnesorge* v. *Chicago City Railway Co.*

259 Ill. 424.) Ordinarily, this is a question of fact for the jury to determine. In the case at bar, however, there is no evidence, reasonable inference or suggestion in the record which contradicts or tends to impeach plaintiff's evidence on this point. The parents here were working people; at the time of the occurrence the father was at work and the mother was attending to the two-year-old baby of the family while also administering to another child who was sick at the time. The decedent was at the kitchen table when the mother went into another room of the apartment. The law does not require that persons in their station of life shall keep a constant watch over their children, nor can the want of such care be imputed to them as negligent conduct. (*City of Chicago* v. *Hesing,* 83 Ill. 204.) Under the facts and circumstances of this case we hold the due care of the parents was established as a matter of law, and it was therefore prejudicial error for the trial court to give to the jury four peremptory instructions ordering it to return a verdict of not guilty if it believed from the evidence that the parents were guilty of proximate contributory negligence.

Instruction number 15, given to the jury at the instance of defendants, read as follows: "If you believe from the evidence, under the instructions of the Court, that the death of the plaintiff's decedent was the result of a pure accident, that is, one which occurred without negligence on the part of the defendants, before or at the time of the occurrence complained of, then you should return a verdict of not guilty." This instruction is also objectionable as the question of pure accident comes merely from suggestion and not from the evidence. *Streeter* v. *Humrichouse,* 357 Ill. 234, 244.

A reading of the record reveals a decided lack of propriety in the conduct of the trial of this case in respect to argument of counsel. Counsel for both plaintiff and defendants were guilty of improper remarks in addressing

the jury in final argument. We are in agreement with the Appellate Court that a party can have no just ground for complaint on account of remarks improper in themselves which are necessitated by like remarks on the other side. (*Crutchfield* v. *Meyer,* 347 Ill. App. 315.) The heat and partisanship engendered in a lawsuit are both understood and recognized by this court, but, while allowing certain latitude to attorneys in the sincere representation of their clients, we cannot approve practices which clearly appear to bring improper matters to the attention of the jury for prejudicial purposes thereby obtaining unfair advantages. Instructions on competency of witnesses are proper if they state the law correctly, but where counsel, in argument and in discourse upon objection to such argument, call the jury's attention to the fact that defendant was not permitted to testify due to plaintiff's objection, it clearly appears that counsel is attempting to convey to the jury that defendant has material and valuable evidence to give but is denied this opportunity by plaintiff's technical objection. The off-setting of one impropriety by another may be an efficient method of arbitration, but in the conduct of a trial this court is concerned with the question of whether or not the defeated party received a fair trial. In a clear case the court will reverse a judgment because of the improper conduct of counsel, and has reversed judgments because of prejudicial statements of counsel even though the trial court sustained objections to such statements, rebuked counsel and directed the jury to disregard the statements. (*Wabash Railroad Co.* v. *Billings,* 212 Ill. 37; *Chicago Union Traction Co.* v. *Lauth,* 216 Ill. 176.) The rule in this State must be regarded as settled that misconduct of counsel of the character mentioned is sufficient cause for reversing a judgment, unless it can be seen that it did not result in injury to the defeated party. The questions to be determined are, therefore, whether the improper argument was of such a character as was likely to prejudice the de-

feated party, and if so, was the verdict so clearly right that a new trial ought not to be granted because of such prejudicial argument. (*Appel* v. *Chicago City Railway Co.* 259 Ill. 561.) We are of the opinion that the circuit court of Cook County should have allowed plaintiff's motion for new trial.

The judgments of the Appellate Court and the circuit court of Cook County are reversed and the cause is remanded to the circuit court for a new trial.

*Reversed and remanded.*