## HAYNES et al. v. MARTINEZ.

### No. 6313.

Court of Civil Appeals of Texas. Amarillo.
June 15, 1953.

Rehearing Denied Aug. 31, 1953.

Crenshaw, Dupree & Milam, Lubbock (Max Addison, Lubbock, of counsel), for appellants.

Bob Huff, Lubbock, for appellee.

NORTHCUTT, Justice.

Appellee, Ernesto Martinez, sued appellants, C. Sumner Haynes and George W. Soash, d/b/a Haynes—Soash Company, to recover alleged damages in the sum of $20,900 for the death of his three-year-old son, Louis Martinez.

Appellee alleged N. A. Hefner, agent, servant, and employee of appellants, while in the course and scope of his employment for said appellants, operated appellants' truck in such a negligent manner as to strike appellee's son, Louis Martinez, thereby causing the death of his said son. Appellee alleged two acts of negligence. One was the failure on the part of N. A. Hefner to keep a proper lookout and the other was that N. A. Hefner was driving the truck at an excessive rate of speed under the light of attending circumstances. Appellant answered denying such acts of negligence and plead that the plaintiff was himself guilty of negligence because of failure to exercise ordinary care to control said child and keep him out of the highway. The appellant also plead that neither they nor their agent were guilty of negligent conduct and that, if appellee was free from contributory negligence, that then and in that event the said accident was an unavoidable accident for which appellants could not be held liable.

The case was tried to a jury upon twelve special issues. The jury found that appellants' agent, N. A. Hefner, was operating the truck at an excessive speed in the light of attending circumstances, that the same was negligence and was a proximate cause of the death of Louis Martinez. The jury also found that N. A. Hefner failed to keep a proper lookout, that the same was negligence and was a proximate cause of the death of Louis Martinez. The jury found that N. A. Hefner was an agent and employee of appellants at the time of the accident, that he was working within the scope of his employment and that $12,875 would reasonably compensate appellee for the death of his son.

The jury, in answering special issue 10, found appellee did not fail to exercise proper care to keep Louis Martinez out of the paved highway. This accounts for the first ten issues submitted, but 11 and 12 are not answered because of the negative answer to issue 10.

Appellants objected to the charge of the court and requested the court to give their special requested issues. Appellants requested the court to inquire of the jury if

the accident in question was an unavoidable accident but the court refused to submit this issue to the jury. The court also refused to give the requested issue as to whether Louis Martinez ran upon the highway and into and against appellants' truck, and also as to whether the same constituted a new, independent and intervening cause. Judgment was granted to appellee for $12,875 for personal injuries and death of his son, Louis Martinez, and for $487 for doctor bills, hospital bills, surgical fees and funeral bills. Appellants presented their motion for a new trial but the same was overruled and hence this appeal.

■ Appellants present thirteen points of error. Points 1 and 2, dealing with the question of unavoidable accident, have been presented together by the appellants. The appellants properly raised in the trial court the question of unavoidable accident and requested the trial court to submit that issue to the jury but the trial court denied such request. In determining whether the court erred in refusing to present to the jury the question of unavoidable accident, the sole question to be determined is whether there was sufficient evidence in the record to sustain such a finding. If the question could be answered in the affirmative, according to the testimony, then it follows that the trial court was in error in refusing to submit the issue. As stated by the Commission of Appeals in the case of Dallas Ry. & Terminal Co. v. Darden, 38 S.W.2d 777, 779,

> "It is impossible to announce a fixed rule applicable to all cases by which it can be decided just when the issue of unavoidable accident is presented. In order to determine whether such issue is involved, the facts of each particular case must be examined with the view of ascertaining whether there is presented a theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law."

N. A. Hefner, driver of the truck in question, testified that he saw the appellee's children playing on the right-hand side of the highway, that as he approached where the children were playing he slowed the truck to about 30 miles per hour and pulled the truck over to the left to be sure not to harm the children but that, just prior to the accident, he saw the deceased about even with the cab of the truck and about six feet from the truck and at that time the deceased was running into the truck and the witness pulled the truck as far to the right as he could to avert hitting the child. This was upon a country road outside of the city of Lubbock and upon what is commonly known as the Old Plainview Road.

■ We believe, from all the evidence in this case, a jury could have found this would have been an unavoidable accident and that there was no negligence on the part of appellants, if that issue had been submitted to the jury. As stated by the Commission of Appeals in the case of Dixie Motor Coach Corporation v. Galvan, 126 Tex. 109, 86 S.W.2d 633, 634,

> "Plaintiff in error had a right to have this affirmative defense submitted to the jury, regardless of the answers which the jury might make to other issues. In numerous cases it has been held that the question of the right of a defendant to have an affirmative defense submitted must not be determined from the viewpoint of conditions as they appear after the verdict is returned, but from the viewpoint of what the jury might have found if the issue had been submitted to them. Montrief & Montrief v. Bragg (Tex.Com.App.) 2 S.W.2d 276; Thurman v. Chandler [125 Tex.Com.App. 34] 81 S.W.2d 489; Greer v. Thaman (Tex.Com.App.) 55 S.W.2d 519."

The Supreme Court held to the same effect in the case of Blanton v. E. & L. Transport Co., Tex.Civ.App., 207 S.W.2d 368, 369,

> "However, both by general denial and special plea, the defendant pleaded unavoidable accident. Believing that the issue was not raised by the evidence, the trial court refused to submit it to the jury; and that view was sustained by the court of civil appeals.

In response to the argument that the finding of primary negligence on the part of Greer precluded any finding of unavoidable accident, this court said: 'Notwithstanding such finding, however, we think the evidence also raised the issue of unavoidable accident. This being true, Greer was entitled to have such issue directly submitted to the jury for a finding. Of course, if Greer and his driver were guilty of negligence which proximately caused Mrs. Thaman's injuries, and she was not guilty of contributory negligence, her injuries could not have been the result of an unavoidable accident; but Greer had the right to demand the direct submission of his defense as raised by the evidence according to the state thereof before, and not after, it was interpreted by the jury. In other words, in order to accord each party a fair trial, our rules require that the theories of each party be directly submitted where raised by the evidence, and this right cannot be lost or defeated by jury findings on other issues, which, in effect, indirectly negative a favorable finding on an issue not submitted, but raised by the evidence.'

"Under parallel facts this court approved the same holding in Dallas Railway & Terminal Co. v. Garrison, Tex. Com.App., 45 S.W.2d 183, and in Colorado & Southern Ry. Co. v. Rowe, Tex. Com.App., 238 S.W. 908."

In Humble Pipe Line Co. v. Kincaid, Tex.Civ.App., 19 S.W.2d 144, 148, it is said:

"It will not do to say, in support of the refusal to submit the issue of unavoidable accident, that the jury, having found that the collision proximately resulted from the negligent failure of the appellant's driver to stop his truck in time to avoid the accident, could or would not have found that the accident was unavoidable. For the jury may have felt that they were obliged to find a reason for the collision by means of some one of the issues submitted to them, and, being denied the privilege of finding it to have been unavoidable under the peculiar circumstances of the case, they may have hit upon the issue of failure to stop as the next most probable cause. It is the settled law of this state that a defendant is entitled to an affirmative submission to the jury of any fact or group of facts pleaded by him and supported by material evidence, which, if found true, would exculpate him from liability, and he may not be deprived of this right through an adverse finding upon some other issue the answer to which would render him liable. Dallas R. Co. v. Speer (Tex.Civ.App.) 299 S.W. 507; Northern Texas Traction Co. v. Woodall (Tex.Com.App.) 299 S.W. 220; Montrief [& Montrief] v. Bragg (Tex.Com.App.) 2 S.W.2d 276."

■ We are of the opinion that the court erred in not submitting the issue of unavoidable accident to the jury to determine. We sustain appellants' points of error 1 and 2. Appellants' points 3, 4, 5, 6 and 7, dealing with the question of a new, independent and intervening cause, will be overruled. We are of the opinion that appellants' pleadings properly present the question as to a new, independent and intervening cause but do not believe the actions of a three-year-old child would constitute a new, independent and intervening cause. It is stated in City of Ft. Worth v. Patterson, Tex.Civ.App., 196 S.W. 251 at page 253;

"It is well settled that neither the instinctive act of an unreasoning animal, nor the impulsive, involuntary act of a sentient being directly brought about by an act of negligence, will break the line of causation. This will appear from a consideration of many decisions, but may be illustrated in the case of the animal by Texas & Pacific Ry. Co. v. Moseley, 58 S.W. 48, by the Court of Appeals for the Fifth District, in which a writ of error was refused. There Moseley while driving his team on or near a railway crossing was suddenly approached by a freight train coming towards him. The operatives of the locomotive negligently gave a number of sharp, piercing whistles of

372

the locomotive, thus frightening Moseley's team, which ran away and on and into a gully, by reason of which Moseley fell out of his buggy and was injured. Of course, the more immediate causes of Moseley's injuries were the fall from the buggy and the fright of his team, notwithstanding this the negligence of the operatives of the locomotive referred to was held to be the proximate cause for the results of which the railway company was held liable. An instance of liability notwithstanding the intervention of an independent, involuntary co-operative act of a third person may be illustrated by the celebrated "squib case" familiar to all law readers. There a person negligently threw a lighted squib into a crowded street, which fell upon one of the assembled multitude, who, instinctively and involuntarily in avoiding danger to himself, knocked or threw the squib beyond him onto another person, who was injured thereby. It was held that, notwithstanding the act of the intermediate party, the line of causation was not broken, but that in a legal sense the negligent act of the person who first cast the lighted squib into the street was the proximate cause of the final injury, and for which at the suit of the injured party the original wrongdoer was held liable."

In the case of City of Waco v. Branch, Tex.Civ.App., 8 S.W.2d 271 at page 277, it is stated:

"The intervention of an irresponsible agency does not necessarily break the causal connection between an original act of negligence and an injury which is the direct result thereof, if such intervention and resulting injury ought reasonably to have been anticipated. Our Supreme Court, in [Gulf, C. & S. F.] Railway [Co.] v. McWhirter, supra, [77 Tex. 356 at page] 360 (14 S.W. [26] 27), speaking of negligence in leaving a turntable unfastened, said:

"If a railway company should leave its turntable unfastened, or so slightly

fastened that children not sui juris can unfasten it and use it, then it should be held liable for an injury resulting from its use by such persons; for, on account of their want of intelligence, the negligence of the company must be deemed the proximate cause of the injury."

In discussing this point, the court in the case of Wichita Falls Traction Co. v. Hibbs, Tex.Civ.App., 211 S.W. 287 at page 288, said:

"That the child was too young to appreciate the danger, and was irresponsible, is not questioned. This being a fact, there was no intervening efficient or responsible cause to break the causal connection between the negligence of appellant's employe and the injury."

Since we are of the opinion the cause must be remanded, it is unnecessary to pass upon the other assignments of error. They relate to matters which may not occur on another trial.

Because of the matters hereinabove discussed, the case is reversed and the cause remanded.