Robert S. PANKEY, a minor, by and through his mother and next friend, Edith Rhodes, nee Pankey, Plaintiff in Error,

v.

PUBLIC SERVICE COMPANY OF OKLAHOMA, a Corporation, Defendant in Error.

No. 36647.

Supreme Court of Oklahoma.

Oct. 4, 1955.

As Amended Oct. 6, 1955.

G. C. Spillers, and G. C. Spillers, Jr., Tulsa, for plaintiff in error.

Doerner, Rinehart & Stuart, Tulsa, for defendant in error.

BLACKBIRD, Justice.

On December 5, 1951, plaintiff in error, who was then a few months less than fifteen years of age, was allegedly injured when the 1939 model Chevrolet Coupe, owned by Carl Shaffer and driven by Shaffer's sixteen year old son, Dale, and in which plaintiff was riding as a passenger, collided at the intersection of Tenth and Grant Streets in Sand Springs, Oklahoma, with a specially equipped three-quarter-ton pickup truck, driven by Frank DeGarmo, and owned by his employer, the defendant in error, Public Service Company of Oklahoma. Just prior to the accident the Shaffer coupe was traveling east on Tenth Street and the Public Service Company truck was traveling north on Grant Street.

All parties will hereinafter be referred to as they appeared in the trial court.

The gist, or substance of plaintiff's alleged cause of action, as set forth in his petition, is as follows: That the drivers of both vehicles were negligent and were jointly responsible for the accident and plaintiff's injuries, in that they had driven the two motor vehicles into the intersection at excessive rates of speed in violation of Art. 7, sec. 62 of the Sand Springs' City ordinances, sub.-sec. A of which prohibits motorists from driving at a speed greater than is reasonable and prudent under the circumstances; that Public Service Company was also negligent in that though the Shaffer coupe was on the truck's right as the two vehicles approached the intersection, and the coupe entered the intersection before the truck, so that it had the right-of-way over the truck under both Tit. 47, O.S.1951 §§ 121.3 and 121.6, and Art. 7, sec. 54, of the Sand Springs' City ordinances, the driver of the truck failed to yield the right-of-way and thus avoid the collision. The owner of the Shaffer car was also alleged to have been negligent in the further fact that its driver failed to apply his brakes at such a time and in such a manner as to have avoided the collision. Both of the defendants entered general and special denials to the allegations of plaintiff's petition, and, among other defenses, pleaded that the accident was unavoidable, and that plaintiff was guilty of contributory negligence. Also, the defendant, Public Service Company, pleaded that at the time of the collision, the Shaffer car was traveling at the excessive speed of fifty miles per hour; and the defendant, Carl Shaffer, pleaded that if either of the drivers was negligent, the proximate cause of the accident was the negligence of the Public Service Company's truck driver in essentially the same respects as those pleaded by plaintiff.

At the trial, in the absence of any proof in plaintiff's evidence to show that the Shaffer boy was acting as his father's agent in driving the coupe at the time of the accident, the court sustained Carl Shaffer's demurrer to plaintiff's evidence. Upon submission of the cause for a determination of the issues between plaintiff and the defendant, Public Service Company, the jury returned a general verdict for said defendant; and judgment was entered accordingly. As the latter is the only "defendant" now involved, our further use of that term will refer to Public Service Company, only.

Plaintiff's present appeal from said judgment denying him recovery is predicated entirely upon alleged errors in the court's instructions to the jury. Under the two propositions set forth in his brief, he asserts that said court committed reversible error in giving its Instructions No. 7 and 16, respectively.

Instruction No. 16 dealt with the subject of "unavoidable accident." Therein the trial court defined the term and told the jury that neither party to such an accident is liable to the other for damages thereby sustained. Plaintiff's claim that the giving of this instruction was error is based upon the premise, unsupported by citations from the record, that the evidence was insufficient to present such an issue. We do not agree. Upon thoroughly examining the record, we find evidence on behalf of both the plaintiff and defendant, which, if considered together, or as a whole, and believed by the jury, would have supported the conclusion that both the truck and the coupe arrived in the intersection at the same time and that both drivers did

what they could to avoid the accident, and that neither was negligent. In view of this, we cannot hold that the trial court should not have given an instruction pertinent to such evidence. It is not the trial court's prerogative, prior to submission of such a cause to the jury, to pass upon issues about which the evidence is equivocal or conflicting, and to determine where the preponderance thereof lies. This is the exclusive prerogative of the jury, and a trial judge never errs in recognizing it as the one here did. The case of Huey v. Stephens, Okl., 275 P.2d 254, cited by plaintiff, does not apply here, because, on the basis of undisputed testimony in that case, the collision involved there could not have come within the correct definition of an "unavoidable accident."

Nor do we find any merit in plaintiff's contentions that Instruction No. 7 impaired the jury's right, under Art. XXIII, sec. 6, of this State's Constitution, to determine the issue of contributory negligence. Plaintiff's counsel interprets this instruction as telling the jury that if it found plaintiff failed to "remonstrate with Dale Shaffer," (driver of the coupe in which he was riding), such failure or omission constituted contributory negligence. This is a misinterpretation of said instruction. The court's instructions in this case do not attempt to tell the jury that plaintiff's failure to remonstrate with Dale Shaffer about the manner in which he was driving, or that any other described act or acts of plaintiff (as was done in some of the cases cited by him) would constitute contributory negligence on his part. While it is true that by this instruction, the court did tell the jury that it is negligence on the part of a passenger in a motor vehicle to fail to protest or object to the way in which it is being operated, if it is apparent "or in the exercise of reasonable care it should be apparent to him" that the vehicle is being operated in a negligent manner, said court, by Instruction No. 6, had already defined contributory negligence as "such negligence on the part of plaintiff (as) amounted to a want of ordinary care and diligence, such as would have been exercised by an ordinary person under similar circumstances

and which negligence concurring and co-operating with the negligent acts of the defendant, was the proximate cause of plaintiff's injury * * *". No one could correctly say that the instruction just quoted, took away from the jury its constitutional right to determine what acts, if any, on the part of plaintiff constituted contributory negligence. And, when the jury considered this more complete instruction with, and as supplementing, the less complete one that followed it, as was its duty in following the court's instructions as a whole, we cannot say that it was in anywise mislead or improperly guided in applying the law to the facts, if any, it found pertaining to the issue of contributory negligence. It is a well established principle of appellate review in this jurisdiction that reversible error cannot successfully be predicated upon error in one instruction, if the instructions as a whole and when considered together, fairly submit the proper issues of the case to the jury, and it does not appear that the complaining party was prejudiced by the allegedly erroneous instruction. See St. Louis-San Francisco Ry. Co. v. Withers, Okl., 270 P.2d 341, and the cases therein cited.

Plaintiff further complains that by Instructions No. 6 and 7, the only criteria furnished the jury for determining the issue of his negligence was what would amount to such conduct on the part of an adult. He points out, by citing previous opinions of this Court, that a different standard of care applies to children than is applicable to adults. Essentially the same argument was advanced in the case of Morris v. White, 177 Okl. 489, 60 P.2d 1031, but there we determined, after concluding from an examination of the record, that the jury would not have allowed plaintiff a recovery had it been correctly instructed, that, under our statutes, the allegedly erroneous instruction was not reversible error. After examination of the record in this case, we have reached a similar conclusion. The weight and preponderance of the unimpeached and more reliable evidence compels the conclusion that the accident was due to the high speed of the Shaffer coupe and the negligence of its driver. It exon-

erates the defendant's truck driver from any negligence whatsoever. Under the circumstances, we cannot say the errors alleged and complained of by plaintiff in the court's instructions resulted in prejudice to him.

Accordingly, the judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and JACKSON, JJ., concur.