Thomas KELTCH, a Minor, by R. E. Outhier,
His Guardian and Next Friend,
Plaintiff in Error,

v.

Malcomb STRUNK, Defendant in Error.

No. 36959.

Supreme Court of Oklahoma.

March 27, 1956.

Bryan Billings, Woodward, for plaintiff in error.

Pierce, Mock & Duncan, Oklahoma City, Calvin W. Hendrickson, Oklahoma City, of counsel, for defendant in error.

PER CURIAM.

This was an unfortunate accident in which the plaintiff, a school boy twelve years of age, was injured. The plaintiff sues by his guardian and next friend. The factual situation was not greatly disputed. Briefly, on the afternoon of January 15, 1954, as school was dismissed for the day, the buses to transport the children home were parked at the west side of the school at Sharon, Oklahoma. There were four buses and they were located parallel to the east curb of the street adjacent to the school grounds. Parents waiting for their children were parked in cars along the west side of the street. There was sufficient room in the street between the parked vehicles for automobiles to have two lanes for traffic. The plaintiff entered the third bus from the north to talk to his father, who was the driver, and then decided to ride home with his mother, who was waiting in their car on the opposite side of the street. He left the bus and went between it and the bus in front and out into the street where he was struck by the defendant's car and injured. Only his father testified for the plaintiff as to the manner in which he went upon the street. Plaintiff did not testify. His father was not positive

as to whether plaintiff looked to the north before leaving the narrow space between the buses, but he did say that plaintiff stopped and looked to the left. Others, testifying for the defendant, stated that the plaintiff did not stop or look, but ran, stooped over, directly between the buses and into the street immediately in front of the defendant's car. The defendant, a high school boy, had stopped his automobile at the first bus. He was proceeding south. After a friend entered the car, he started the vehicle moving to the south and hit the plaintiff with the right front fender after traveling only a short distance. The plaintiff was near the center of the street at the moment of impact. The defendant admitted being to the left of the center of the street and stated that he did not see the plaintiff until after the impact. The speed of the vehicle was disputed. The plaintiff's mother testified that the car started up fast, throwing gravel with its rear wheels, and was traveling approximately ten miles per hour at the time of the impact. On the other hand, the defendant stated that he started properly and was traveling about five miles per hour when the accident occurred. There were no other vehicles moving on the street at the time, and the defendant was aware that children crossed the street here to enter the cars parked on the opposite side from the school.

The only assignment of error urged is that the court erred in submitting the issue of unavoidable accident to the jury. The alleged error in giving this instruction is based on the premise that the evidence was insufficient to present the issue, although pleaded by the defendant. We do not agree that this premise is correct.

 This action was brought by an immature school child. The trial court, in substance, properly instructed the jury that in such a case the plaintiff was not to be held to the same standard of care as an adult, but that whether he was contributorily negligent was to be determined by his age, capacity, and experience, under the circumstances then existing. See Witt v. Houston, 207 Okl. 25, 246 P.2d 753. And, where the accident occurs without fault on the part of those involved, it is unavoidable, so that, if there is evidence from which this conclusion might be justified, it is proper to submit the issue to the jury. Wilson v. Roach, 101 Okl. 30, 222 P. 1000. Here, there was evidence and reasonable inferences therefrom on behalf of both the plaintiff and defendant, which, if considered separately or as a whole, and believed by the jury, would have supported the conclusion that, because of his immaturity, the plaintiff was not at fault and also that, although on the left side of the street, the defendant was exercising due care under the circumstances and his actions were not the proximate cause of the accident. Such being the situation, the issue of unavoidable accident was not improperly submitted to the jury. Pankey v. Public Service Co. of Oklahoma, Okl., 288 P.2d 373. There was a theory under which the accident could have happened without the actionable negligence of either party. Haynes v. Martinez, Tex.Civ.App., 260 S.W.2d 369; Oliver v. Kelley, 300 Ill.App. 487, 21 N.E. 2d 649; McMorris, for Use of McMorris v. Graham, La.App., 176 So. 630; Lindenstruth v. Leveque, 138 Kan. 93, 23 P.2d 486.

We have examined the evidence and the instructions of the court and we find no reversible error.

The judgment is affirmed.

JOHNSON, C. J., and WILLIAMS, WELCH, DAVIDSON, HALLEY, JACKSON and HUNT, JJ., concur.

CORN and BLACKBIRD, JJ., dissent.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner JAMES H. NEASE and approved by Commissioners J. W. CRAWFORD and JEAN R. REED, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.