Kenneth Kurzawa, a minor by his father and next friend, Stanley Kurzawa, Plaintiff-Appellant, v. Carl Brummel, Defendant-Appellee.

Gen. No. 11,042.

Second District, Second Division.
September 16, 1957.
Released for publication October 4, 1957.

John C. Mullen, of Chicago (Gerald M. Chapman, of Chicago, of counsel) for appellant.

Leren & Burek, of Wheaton (Alexander J. Burek, of counsel) for appellee.

JUSTICE WRIGHT delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of DuPage county entered on a verdict finding defendant not guilty as to the complaint of the 6½-year-old plaintiff for personal injuries.

It is contended by appellant that: (1) the verdict is against the manifest weight of the evidence and (2) the trial court erred in giving of five of the instructions of the defendant. The five complained of are defendant's instructions Nos. 1, 3, 6, 7 and 8.

The action arose by reason of the minor plaintiff pedestrian being struck by defendant's car as the

plaintiff was crossing Cass Avenue North of the village of Westmont in the county of DuPage. The accident scene being approximately 400 feet south of an intersection. There is no contention that this was a crosswalk or unmarked crosswalk.

It would not aid in the determination of this case to go into the evidence as to the respective versions of this accident. There was sufficient evidence, however, to justify submission of the case to the jury. Similarly, under the evidence and the facts in the record before us the verdict cannot be said to be contrary to the manifest weight of the evidence.

█ Instruction No. 1, given to the jury at the instance of the defendant, read as follows: "The court instructs the jury that if you believe from a preponderance of the evidence that the plaintiff was injured as the result of an accident which occurred without the fault of the defendant, then you are instructed that the plaintiff cannot recover and you should find the defendant not guilty." It is urged that there is no evidence in the record justifying the submission of this instruction to the jury. With this contention we cannot agree. The minor plaintiff was the only occurrence witness in his own behalf. The defendant testified that the plaintiff ran from behind a parked car when defendant was two car lengths away from plaintiff. A disinterested witness for the defense stated defendant's car was ten feet away when plaintiff ran into the highway from north of the parked car. This evidence was not rebutted by plaintiff. Under the evidence in the record before us we feel the trial court was justified in the giving of this instruction in this instance. Parkin v. Rigdon, 1 Ill.App.2d 586, 118 N.E.2d 342; Piggott v. Newman, 334 Ill. App. 75, 78 N.E.2d 328; Oliver v. Kelley, 300 Ill. App. 487, 21 N.E.2d 649. Appellant cites Streeter v. Humrichouse, 357 Ill. 234, 191 N. E. 684 and Crutchfield v. Meyer, 414 Ill. 210, 111 N.E.2d 142 in support of his contention. The Su-

preme Court in both cases held similar instructions error on the ground that there was definite evidence of negligence and not accident. Such is not the record before us.

██ Defendant's instruction No. 3 told the jury that the plaintiff must prove his case by a preponderance of the evidence and then continued by stating that if the evidence is evenly balanced or if the preponderance is in favor of the defendant, the verdict should be in his favor. As we stated in the case of Laurent v. Rinehart, 2 Ill.App.2d 410, 418, 119 N.E.2d 511, 515, this instruction states the law and has been approved.

Defendant's instruction No. 6 defines the terms negligence, ordinary care and proximate cause. Complaint is limited to the portion of the instruction defining "proximate cause." There was no error in this instruction and it is a correct statement of the law. McClure v. Hoopeston Gas & Electric Co., 303 Ill. 89, 104, 135 N. E. 43, 49.

██ Instruction No. 7 stated: "The court instructs the jury that, as a matter of law, the defendant was not required to exercise toward the plaintiff the highest degree of care but said defendant was required to exercise toward the plaintiff ordinary care at the time and place of the occurrence in question." This was a proper instruction and the trial court was warranted in giving this instruction. Kehr v. Snow & Palmer Co., 225 Ill. App. 403, 410, 411.

██ Instruction No. 8 was to the effect that the jury should not allow sympathy for the injuries and damages of the plaintiff to influence their determination of liability. The plaintiff was a 6½-year-old child and it was contended that he was very severely injured as a result of the accident. This is a correct statement of the law and under the evidence was a proper instruction. Oliver v. Kelley, 300 Ill. App. 487,

21 N.E.2d 649; The People v. Cassin, 322 Ill. 276, 153 N. E. 381.

We find no reversible error in the record and the judgment should be and is affirmed.

Judgment affirmed.

CROW, P. J. and SOLFISBURG, J., concur.